## DURDEN v. THE STATE.

1. Every indictment charging crime must be complete within itself, and charge the crime and every substantial element of the offense alleged to have been committed.

(*a*) Where an indictment contains more than one count, each count must

be complete within itself; and where an indictment charging forgery contains two counts, the first being complete within itself, including a copy of the instrument alleged to have been fraudulently forged and uttered, which is set out in full, and in the second count express reference to the instrument is made, thereby purporting to incorporate it into the second count, and thus charging all the substantial elements of the offense in the second count, the failure to set out the alleged forged instrument in the second count is not ground for arrest of judgment.

2. Where an indictment alleges "the offense and offender being heretofore unknown," but fails to set forth the date when the alleged offense became known, such indictment is not so defective that after verdict and judgment a motion in arrest of judgment should be sustained on the ground that it affirmatively appears from the face of the indictment that the offense charged is barred by the statute of limitations, and where the exception to the overruling of the demurrer to the indictment pointing out this alleged defect had not been preserved by exceptions pendente lite, and where the exception could not otherwise be considered by the court.

3. Under section 1062 of the Penal Code of 1910, the presiding judge may reduce certain felonies to misdemeanors without any recommendation from the jury; and where in such case the jury recommends the punishment of a felony as for a misdemeanor, such recommendation is advisory.

(*a*) The "indeterminate-sentence act" of 1919 did not repeal § 1062 of the Penal Code of 1910.

No. 2572. DECEMBER 16, 1921. REHEARING DENIED JANUARY 13, 1922.

Questions certified by Court of Appeals (Case No. 12122).

*F. H. Harris, J. T. Colson, H. O. Farr,* and *Krauss & Strong,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.

HILL, J. The Court of Appeals desires instruction from the Supreme Court upon the following questions, a determination of which is necessary for the decision of this case:

1. "Where an indictment is drawn in two counts, the first count charging the defendant with the forgery of 'a certain paper, acquittance, and receipt,' which is therein set out in full, and the second count charging the defendant with knowingly uttering a forgery, for that he did falsely and fraudulently utter and publish as true 'the above-described false, fraudulent, forged, and altered paper, acquittance, and receipt,' is the second count, the one under which the defendant was convicted, so defective that after verdict and judgment a motion in arrest of judgment should be sustained on the ground that the paper alleged to have been uttered and published was not set forth therein or annexed there-

to, and where the exception to the overruling of the demurrer to the indictment pointing out this alleged defect had not been preserved by exceptions pendente lite, and where the exception could not otherwise be considered by this court?" This question must be answered in the negative. Each count of the indictment should be complete within itself. The indictment must charge the crime and every substantial element of the offense alleged to have been committed. The second count of this indictment is complete within itself, because by express reference the alleged forged instrument is made a part of the count in the indictment, the instrument being set out in full in the first count, and by the use of the language "the above-described false, fraudulent, forged, and altered paper, acquittance, and receipt," and by this express reference to the instrument incorporating the instrument into the second count, thus charging all the substantial elements of the offense in this count. In the case of *Braxley* v. *State,* 143 *Ga.* 658 (85 S. E. 888), it was held by a majority of the court that "An indictment containing two counts was headed, 'Georgia, Baldwin County. In the Superior Court of said county.' The first count began: 'The grand jurors selected, chosen, and sworn for the County of Baldwin, to wit: [jurors named], in the name and behalf of the citizens of Georgia, charge and accuse,' etc. The second count began, 'And the jurors aforesaid, on their oaths aforesaid, do further charge and accuse,' etc. *Held,* that the second count in the indictment should not be stricken on demurrer on the ground of the omission to state that the charge against the accused is made 'in the name and behalf of the citizens of Georgia.'" In the *Braxley* case two of the Justices dissented, but in dissenting used this language: "While, by making special reference in one count to some material thing expressed in the preceding count, the necessity of repeating the exact matter so referred to might be avoided, yet, if there were no express reference, the matter so alleged in the preceding count could not by mere construction be imported into the second count." So, whether measured by the majority or minority opinion in that case, the present indictment must be held to be good. The fact that the jury found the defendant guilty on the second count only, which is equivalent to a verdict of not guilty on the first count, does not render the verdict void, because the verdict of the jury does not eliminate

the first count from the pleadings, the first count, in so far as the pleadings are concerned, being present during the trial. If the pleadings are sufficient when the defendant goes to trial, the jury by verdict can not eliminate any portion thereof. Therefore the second count is not so defective that after verdict and judgment a motion in arrest of judgment should be sustained on the ground that the paper alleged to have been uttered and published was not set forth therein or annexed thereto.

Moreover, after verdict and judgment a motion in arrest of judgment should not be sustained on the above grounds, where the exception had not been preserved by exceptions pendente lite to the overruling of the demurrer.

2. " If the above question be answered in the negative, then an answer is requested to the following question: In view of section 30, paragraph 4, of the Penal Code of 1910, which provides, ' Nor shall any limitation run so long as the offender or offense is unknown,' is an indictment (for uttering a forgery) which shows upon its face that the offense was committed more than four years before the indictment was returned, and which alleges ' the offense and offender being heretofore unknown,' but which fails to set forth the date which the alleged offense became known, so defective that after verdict and judgment a motion in arrest of judgment should be sustained on the ground that it affirmatively appears from the face of the indictment that the offense charged is barred by the statute of limitations; and where the exception to the overruling of the demurrer to the indictment pointing out this alleged defect had not been preserved by exceptions pendente lite, and where the exception could not otherwise be considered by this court?" This question must also be answered in the negative. The language in the indictment, " the offense and offender being heretofore unknown," this being a special presentment, properly construed means that the offender was unknown until the date of the indictment. There is no merit in the contention that the offense was barred by the statute of limitations. After verdict and judgment a motion in arrest of judgment should not be sustained on the above ground, where no exception is preserved to the overruling of the demurrer.

3. " If both of the preceding questions be answered in the negative, an answer is requested to the following question: Where

a defendant was convicted of a felony (uttering a forgery) *and given a misdemeanor punishment,* was it error to overrule his motion in arrest of judgment based upon the ground that the verdict was a nullity and amounted to an acquittal of the defendant, and that it was so vague, indefinite, and unintelligible that no valid legal judgment could be based thereon; the verdict being as follows: ' We, the jury, find the defendant guilty on the second count in the indictment, and recommend that he be punished as for a misdemeanor by a term of imprisonment of not, less than four years and not over five years. We further invoke the extreme mercy of the court ' ? " This question must likewise be answered in the negative. We are of the opinion that the verdict is good, because it plainly finds the defendant guilty on the second count in the indictment, and fixes the punishment. The recommendation of the jury that the defendant be punished as for a misdemeanor, and invoking the mercy of the court, is in this case advisory, for the reason that under § 1062 of the Penal Code of 1910 the judge could impose a sentence for a misdemeanor, with or without recommendation from the jury; and therefore the language in the verdict with reference to the recommendation is to be treated merely as advisory.

The " indeterminate-sentence act " of 1919 did not repeal § 1062 of the Penal Code of 1910, supra. *Moore* v. *State,* 150 *Ga.* 679, 104 S. E. 907) ; *Thompson* v. *State,* 151 *Ga.* 328 (106 S. E. 278). And see, in this connection *Walker* v. *Dorminey,* 150 *Ga.* 635 (104 S. E. 447).　　　　　　　　　　　　　　*All the Justices concur.*