12122. DURDEN *v.* THE STATE.

LUKE, J. 1. Where an indictment is drawn in two counts, the first count charging forgery of " a certain paper, acquittance, and receipt," set out in full in that count, and the second count charging the accused with knowingly uttering a forgery, for that he did falsely and fraudulently

utter and publish as true "the above-described false, fraudulent, forged, and altered paper, acquittance, and receipt," and the accused is convicted upon the second count only, the failure to set out in the second count the alleged forged instrument is not ground for arrest of judgment.

2. In a special presentment by a grand jury the language, "the offense and offender being heretofore unknown," properly construed, means that the offense and the offender were unknown until the date of the indictment. It follows that a special presentment for a felony (forgery and uttering a forgery) which shows upon its face that the offense charged was committed more than four years before the indictment was returned, and contains the allegation, "the offense and offender being heretofore unknown," but which fails to set out the date upon which the alleged offense became known, is not so defective that after verdict and judgment a motion to arrest the judgment should be sustained on the ground that it affirmatively appears from the face of the indictment that the offense charged is barred by the statute of limitations.

3. The accused was convicted of a felony (uttering a forgery) and was given a misdemeanor sentence. The verdict was as follows: "We, the jury, find the defendant guilty on the second count in the indictment and recommend that he be punished as for a misdemeanor by a term of imprisonment of no less than four years and not over five years. We further invoke the extreme mercy of the court." Under these facts it was not error for the court to overrule that ground of the defendant's motion in arrest of judgment which alleged that the verdict was a nullity and amounted to an acquittal of the defendant, and that it was so vague, indefinite, and unintelligible that no valid legal judgment could be based thereon.

4. This court certified to the Supreme Court the several questions of law involved in this case, and the rulings of the Supreme Court thereon are substantially given above. See the full opinion of the Supreme Court (152 *Ga.* 441, 110 S. E. 283).

5. The assignment of error in the bill of exceptions upon the overruling of the demurrer to the indictment cannot be considered, as the exception to that judgment was not preserved by exceptions pendente lite, and the demurrer was overruled on May 26, 1920, and the bill of exceptions was not tendered to the judge until January, 1921.

6. Under the rulings set forth above in the 1st, 2d, and 3d paragraphs, the court did not err in overruling the defendant's motion in arrest of judgment.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED FEBRUARY 14, 1922.

Indictment for forgery, etc.; from Glynn superior court — Judge Summerour. January 8, 1921.

*F. H. Harris, J. T. Colson, Krauss & Strong, H. O. Farr,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.