### 13379. DURDEN *v.* THE STATE.

1. Though every count of an indictment should appear upon its face to charge the defendant with a distinct offense, yet one count may refer to matter in any other count, so as to avoid unnecessary repetition.

(*a*) Where, as in this case, the first count charges the offense of forgery, setting out in full the instrument alleged to have been forged, and the second count charges the offense of uttering the forged instrument, showing the writing alleged to have been forged only by reference to the instrument copied in full in the preceding count, the second count is not, because of such reference only, defective and subject to demurrer.

2. All proper assignments of error have been considered, and are without merit. The verdict, finding the defendant guilty of knowingly uttering a forgery, not being without evidence to support it, it was not error to overrule the motion for a new trial.

DECIDED JANUARY 11, 1923. REHEARING DENIED FEBRUARY 20, 1923.

Indictment for forgery; from Glynn superior court — Judge Summerall. January 31, 1921.

*Krauss & Strong, F. H. Harris, H. O. Farr,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.

LUKE, J. Durden was indicted upon two counts, the first for forgery, the second for knowingly uttering the forgery. He was acquitted upon the first count and convicted upon the second. Before arraignment he demurred to the indictment and the demurrer was overruled. He excepted pendente lite. After conviction, he filed a motion in arrest of judgment and a motion for new trial. His motion in arrest of judgment being overruled, he sued out a bill of exceptions to this court, assigning error only upon that judgment. The question then raised was by this court certified to the Supreme Court, and was decided adversely to the plaintiff in error. See *Durden* v. *State,* 152 *Ga.* 441 (110 S. E. 283), 28 *Ga. App.* 209 (111 S. E. 64). Subsequently his motion for new trial was overruled by the lower court, whereupon he sued out a second bill of exceptions to this court, assigning error both upon the

overruling of his demurrer and the overruling of his motion for a new trial. This is, therefore, the second appearance of the case here.

1. The first question now presented for decision is with respect to the defendant's demurrer. The indictment contains two counts. The first count charges the offense of forgery, incorporates a complete copy of the writing alleged to have been forged, and is otherwise full within itself. The second count charges the offense of uttering the forged instrument, without incorporating the writing alleged to have been forged, and showing it only by reference to the writing set out in full in the preceding count. The charging clause of the second count is that the defendant " did then and there unlawfully, falsely and fraudulently utter and publish as true *the above described false and fraudulent, forged and altered paper, acquittance and receipt,* then and there knowing the same to be forged, and did then and there so utter and publish the same with intent then and there to defraud Mrs. E. Goette." (Italics ours.) The demurrer and the motion in arrest of judgment were upon the same grounds, both attacking the second count of the indictment for its failure to show, otherwise than by reference to the preceding count, the nature of the forgery alleged to have been uttered.

When this case was formerly before the Supreme Court it was held that " the failure to set out the alleged forged instrument in the second count is not ground for arrest of judgment." *Durden* v. *State,* supra. A motion in arrest of judgment, however, goes only to matter affecting the real merits of the offense charged, while an appropriate timely special demurrer may reach any matter which may show the indictment defective in form only. The question now presented for decision therefore is: Can one count of an indictment refer to matter in any other count, so as to avoid useless repetition, without thereby crippling the count so as to subject it to special demurrer on account of form.

The precise question seems to have never been decided by the reviewing courts of this State. At common law such practice was allowed in criminal cases, but not in civil cases. In 1 Chitty's Criminal Law, 250, dealing with the joinder of counts in an indictment, it is said: " Though every count should appear upon the face of it to charge the defendant with a distinct offense, yet

one count may refer to matter in any other count so as to avoid unnecessary repetitions." On the same page and in the same connection the different rule obtaining in civil cases, together with the reason for the difference, is also referred to. Certainly that rule is yet of force in this State, unless it has been changed by statute.

The only statutory provision in this State either directly or indirectly affecting the question is in section 954 of the Penal Code. If it affects the point at all, it does so by reason of its general purpose, and not by reason of any specific reference to the point of practice involved. In so far as the accusing words of the indictment are concerned, whether of the first or of the second count, this section declares that " every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this code, or so plainly that the nature of the offense charged may be easily understood by the jury." Can it be said that this makes repetition necessary where none was necessary before? We think not. On the contrary, it is plain that the purpose of the statute is to avoid as far as possible the tautology and prolixity which characterized many indictments under the common-law system of pleading, and at the same time preserve the substance of good pleading and not infringe on the right of the accused to demand the nature and cause of the accusation against him. *Johnson* v. *State,* 90 *Ga.* 444 (16 S. E. 92) ; 14 R. C. L. 171, § 21.

In the Federal courts, where, as in the courts of this State, the English common-law system of pleading still prevails except as changed by statute, it has been repeatedly held that where an indictment contains several counts, all involving the same subject-matter, and that subject-matter is sufficiently set out in the first count, a subsequent count need not repeat the same, but may refer to it as previously set out, without thereby subjecting the count making such reference either to demurrer or to a motion in arrest of judgment. See Blitz v. United States, 153 U. S. 308 (14 Sup. Ct. 924, 38 L. ed. 725) ; Crain v. United States, 162 U. S. 625, 633 (16 Sup. Ct. 952, 40 L. ed. 1097) ; American Smelting etc. Co. v. Colorado, 204 U. S. 103, 115 (27 Sup. Ct. 198, 51 L. ed. 393, 9 Ann. Cas. 978) ; Peters v. United States, 36 C. C. A. 105 (94 Fed. 127) ; Browne v. United States, 76 C. C. A. 31 (145 Fed. 1) ; Foster v. United States, 101 C. C. A. 485 (178 Fed. 165).

In the Blitz case, supra, the rule is stated as follows: " One

count may refer to matter in any other count of an indictment so as to avoid unnecessary repetitions, even if the count referred to is insufficient." In Crain's case, supra, where the accused was indicted in the first count for forgery and in the second for the utterance, and where the first count, though setting out in full the writing alleged to have. been forged, was yet so defective that judgment thereon was arrested, it was held: "A reference to a previous count in an indictment, if sufficiently full to incorporate the matter going before with that in the count in which the reference is made, may be effective for that purpose, notwithstanding the fact that the previous count is defective or the fact that judgment upon it was arrested." In Wharton's Criminal Procedure (10th ed.), 403, § 349, it is said: "Where the first count of an indictment is bad, or is abandoned by the prosecution, a subsequent count may be sustained, even though it refers to the first count for some allegations, and without repeating them."

Thus, in the light of the older common-law rule as applied to section 954 of our present Penal Code, there can be no doubt as to the correctness of the ruling stated in the first headnote. Even if the common-law rule had been to the contrary, it might well be held that section 954 of the Penal Code reversed it, because, although the first count may be stricken on demurrer, or, as in the instant case, result in a verdict of not guilty, still the bad count is not thereby expunged from the face of the indictment, or rendered inoperative as an exhibit in aid of the remaining count; but in any event the indictment, of which each count is only a part, still " states the offense　.　.　so plainly that the nature of the offense charged may be easily understood by the jury," as well as by the court and the accused, without reference to any matter other than the indictment before them. Repetition in such a case would mean, not clarity, but prolixity, and would tend to defeat, rather than to enforce, the main purpose of the statute in point.

The writer does not agree to the ruling announced in the second headnote of this decision, but is of the opinion that the evidence was insufficient to show, within the statute of limitations, the violation of law charged. The majority of the court think otherwise, and therefore hold that it was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*