## 19854. HARRIS *v.* THE STATE.

DECIDED JULY 31, 1929.

*Earl W. Butler, R. L. Addleton,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.

BLOODWORTH; J. In this case the indictment, which was for assault with intent to murder, made no reference to a former conviction of the accused, although he had previously been convicted in Fulton superior court of robbery and also of bringing into this State a stolen automobile, and in the former case was sentenced to serve from four to five years and in the latter case from three to five years in the penitentiary. The punishment for assault with intent to murder is from two to ten years, which is different from the punishment that is prescribed for either of the felonies for which the accused has been convicted. In *Tribble* v. *State,* 168 *Ga.* 699 (3, *a*) (148 S. E. 595), it was held: "The fact of a former conviction and sentence must be charged in the indictment, where a second conviction would affect the grade of the offense or require the imposition of a different punishment. *McWhorter* v. *State,* 118 *Ga.* 55 (44 S. E. 873). . . By the act of August 18, 1916 (Acts 1916, p. 154; 11 Park's Code Supp. 1922, § 183-1/2), the larceny of the automobile was made a felony; and any person convicted of this offense is punishable by imprisonment in the penitentiary for a time not longer than five years nor less than one year. By section 1068 of the Penal Code, any person, upon second conviction

for the larceny of an automobile, is punishable by imprisonment in the penitentiary for five years, which punishment is different from that imposed by the act of August 18, 1916, for a first conviction of the larceny of an automobile; and this being so, the indictment for the second offense must allege the indictment and conviction of the accused for the first offense, and proof of such allegation must be made, before the accused can be subjected to the punishment prescribed in the above section of the Penal Code, the latter punishment being the maximum punishment prescribed under the above act." Under the foregoing rulings the conviction and sentence of the accused in the instant case (he being given the maximum punishment) was illegal because the indictment contained no reference to his former convictions and sentences. The court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*