### 20630. POPE *v.* THE STATE.

DECIDED JULY 15, 1930.

*Norman Shattuck* and *Mann & Mann,* for plaintiff in error.
*M. Neil Andrews, solicitor-general, Dean Owens,* contra.

BLOODWORTH, J. The indictment in this case contained two counts, the first charging the defendant with forging a will, and the second with uttering the forged will. There was a verdict of not guilty on the first count, and of guilty on the second. The accused filed a motion in arrest of judgment, alleging that there was no valid and sufficient indictment against him, "because there was an acquittal by the jury on the first count of the indictment, and the second count of said indictment is incomplete, in that no

copy of the alleged forged will that defendant is accused of uttering is attached or set out in the second count of the indictment." The motion in arrest of judgment was overruled, and the defendant excepted. Both questions raised by the motion in arrest of judgment were settled adversely to the plaintiff in error in *Durden* v. *State*, 152 *Ga.* 441 (110 S. E. 283). In that case the Supreme Court held that "Where an indictment contains more than one count, each count must be complete within itself; and where an indictment charging forgery contains two counts, the first being complete within itself, including a copy of the instrument alleged to have been fraudulently forged and uttered, which is set out in full, and in the second count express reference to the instrument is made, thereby purporting to incorporate it into the second count, and thus charging all the substantial elements of the offense in the second count, the failure to set out the alleged forged instrument in the second count is not ground for arrest of judgment;" and also held that "the second count is not so defective that after verdict and judgment a motion in arrest of judgment should be sustained on the ground that the paper alleged to be published and uttered was not set forth therein or annexed thereto." In *Hoskins* v. *State*, 11 *Ga.* 92, 95, Judge Lumpkin said: "The prisoner was indicted for *forging* the check and also for *publishing it as true*, knowing it to be false. These were admitted to be different offenses and were punished with different degrees of severity, but were nevertheless held to be properly united, both in the indictment and the trial. The prisoner might be convicted of one and not of the other." See *Durden* v. *State*, 29 *Ga. App.* 548 (116 S. E. 41).

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*