### 25229. STUDDARD v. THE STATE.

NICHOLS, Justice. The Court of Appeals has requested an answer to the following certified questions:

"Where, because of prior convictions, the State seeks to have increased the punishment of one who is convicted under Ga.

Laws 1966, pp. 555, 556 (*Code Ann.* § 26-2603) of the larceny of an automobile, is it a requisite that the present indictment must allege the prior convictions upon which the State relies? "See, in this connection, § 1 (C) (1) of Ga. Laws 1966, p. 557; *Tribble v. State,* 168 Ga. 699 (3) (148 SE 741); *Pippin v. State,* 205 Ga. 316 (3) (53 SE2d 482); *Harris v. State,* 40 Ga. App. 228 (149 SE 153); *Berry v. State,* 51 Ga. App. 442 (1) (180 SE 635).

"If this is a requirement, what is the purpose of the procedure outlined in § 1 (C) (2) of Ga. Laws 1966, p. 557 (Code Ann. § 26-2603 (C) (2))?"

1. The Act of 1966, supra, provides: "The indictment charging any offense under this section shall contain the same allegations as prior to the adoption of this section." Prior to the adoption of such section, it had been consistently held that where the State sought to impose a greater penalty for an illegal act because of the defendant's alleged "incorrigible and dangerous character" resulting from prior convictions, such prior convictions must be alleged in the indictment (see *McWhorter v. State,* 118 Ga. 55 (44 SE 873); *Hines v. State,* 26 Ga. 614), and that such allegations were not unconstitutional as placing the defendant's character in issue. *Tribble v. State,* 168 Ga. 699 (2) (148 SE 593); *Coleman v. State,* 215 Ga. 865 (2) (114 SE2d 2). Such allegations are necessary to inform the defendant of the nature of the offense with which he is charged since they involve the penalty which may be invoked. It is an element of the offense. *Durden v. State,* 152 Ga. 441 (110 SE 283). "[I]n United States v. Jin Fuey Moy, 241 U. S. 394 (36 SC 658, 60 LE 1061), in an opinion delivered by Mr. Justice Holmes, it was held: 'A statute must be so construed, if fairly possible, as to avoid not only the conclusion that it is unconstitutional, but also grave doubts upon that score.' See *Walker v. Employers Liability Assurance Corporation,* 66 Ga. App. 198, 200 (17 SE2d 306). The language of a statute must be given a reasonable construction; and where susceptible of more than one meaning, it should be interpreted consistently with the Constitution. *Head v. Cigarette Sales Co.,* 188 Ga. 452, 460 (4 SE2d 203)." *Forrester v. Culpepper,* 194 Ga. 744, 749 (22 SE2d 595). Thus assuming, but not deciding, that the statute in question could reasonably be construed as authorizing or requiring that prior convictions not be alleged in the indictment when a greater

sentence is sought, it would result in deprivation of the defendant's constitutional right to an indictment in a felony case (which right could of course be waived), which charges the defendant with the crime for which a conviction is sought. It would be a travesty on justice to permit an accusation, required to be furnished on demand, under Art. I, Sec. I, Par. V of the Constitution (*Code Ann.* § 2-105) to charge a felony punishable by imprisonment for one period of time and then to permit evidence to be introduced which would authorize imprisonment for a longer period of time. Accordingly, the first question must be answered in the affirmative.

2. In *State Hwy. Dept. v. Sumner*, 216 Ga. 92 (3) (115 SE2d 189), it was held that a question certified to the court by the Court of Appeals which is too general to elicit either an affirmative or negative response will not require an answer. The second question, not calling for either an affirmative or negative response, will not be answered.

*Question No. 1 is answered in the affirmative. All the Justices concur.*

SUBMITTED JUNE 12, 1969—DECIDED JULY 10, 1969.

*Hugh W. Stone*, for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, J. Roger Thompson*, for appellee.

