## 44322. STUDDARD v. THE STATE.

EBERHARDT, Judge. Defendant was indicted and found guilty of larceny of a motor vehicle under *Code* § 26-2603, as amended. After the jury returned its verdict of guilty, the State submitted into evidence a previous indictment against defendant, showing a plea of guilty to a prior offense of automobile larceny. After a further charge by the court at that point the jury fixed defendant's sentence at ten years, the maximum punishment authorized by *Code Ann.* § 26-2603 (B). Defendant appeals from the judgment of conviction and the order overruling his motion for new trial, as amended. *Held:*

1. Enumeration of error 1 complains that there was no evidence of probative value before the jury sufficient to support a finding as to the value of the motor vehicle allegedly stolen. *Wright v. State,* 1 Ga. App. 158 (57 SE 1050) and *May v. State,* 111 Ga. 840 (36 SE 222) are cited for this proposition. However, it does not appear from those cases that there was any evidence that the items stolen had *any* value, and the evidence here is that the owner purchased the 1964 Starfire Pontiac for $1,500 in May of 1968; that the car was stolen on August 7-8, 1968; that it had not been wrecked; that the windows were rolled up and the doors locked; that it was driven on August 7 by the owner; and that it was white and had a license plate on it. This case falls under the rule expounded in *Buntin v. State,* 117 Ga. App. 813 (162 SE2d 234), where we recently explored the subject which need not

be repeated here. Moreover, *Code Ann.* § 26-2603, dealing specifically with larceny of motor vehicles, does not require that any particular value be proven, except as to motor vehicle parts and components under § 26-2603 (A) (2).

This enumeration of error is without merit.

2. A prior indictment charging the defendant with a previous larceny of a motor vehicle, upon which he pleaded guilty and was sentenced to confinement in the penitentiary, is sufficient evidence of a prior conviction under *Code Ann.* § 26-2603 (C) (2) to authorize the trial court to charge the jury that they might fix the punishment at not less than five nor more than ten years.

3. Other enumerations of error are directed to the point that after the verdict of guilty was returned evidence was introduced over objections showing a previous conviction of auto theft so that a more severe sentence could be imposed under *Code Ann.* § 26-2603 (C) (2), and although the court charged the jury as to the more severe sentence which could be, and was, imposed because of the previous conviction, there were no allegations of a former conviction in the present indictment. Being in doubt as to whether § 1 (C) of Ga. L. 1966, p. 555, which repealed former *Code* § 26-2603 in its entirety and enacted a new § 26-2603; dispensed with the necessity of alleging a former conviction of auto theft in a present indictment, we certified the following question to the Supreme Court: "Where, because of prior convictions, the State seeks to have increased the punishment of one who is convicted under Ga. Laws 1966, pp. 555, 556 (*Code Ann.* § 26-2603) of the larceny of an automobile, is it a requisite that the present indictment must allege the prior convictions upon which the State relies?" The Supreme Court answered this question in the affirmative (*Studdard v. State,* 225 Ga. 410 (169 SE2d 327)), and hence the conviction and sentence were illegal. *Harris v. State,* 40 Ga. App. 228, 229 (149 SE 153). Accordingly the judgment must be

*Reversed, and the case remanded for another trial. Bell, P. J., and Deen, J., concur.*

SUBMITTED MARCH 4, 1969—DECIDED SEPTEMBER 2, 1969.

*Hugh W. Stone,* for appellant.

*Lewis R. Slaton, District Attorney, J. Roger Thompson, Tony H. Hight,* for appellee.