Jessie L. **BROOKS**, Plaintiff-Appellant,

v.

S. Lamont **SMITH**, Warden, Georgia
State Prison, Defendant-Appellee.

No. 29073

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 6, 1970.

Jessie L. Brooks, pro se.

Arthur K. Bolton, Atty. Gen., of Georgia, Marion O. Gordon, Courtney Wilder Stanton, Asst. Attys. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Atlanta, Ga., for defendant-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

█ This appeal is taken from an order of the district court denying the petition of a Georgia state convict for the writ of habeas corpus. We affirm in part and vacate and remand in part.[1]

Appellant is presently serving an eight-year sentence for rape, having been convicted upon trial by jury. No appeal was taken. Appellant's petition for habeas corpus relief was denied by the trial court after an evidentiary hearing.

In his petition for federal habeas corpus relief appellant asserted as grounds for relief (1) illegal arrest; (2) that he was illegally placed in a lineup and was not there represented by counsel; (3) that records indicating that upon arraignment he had entered a plea of not guilty were falsified in that he had never been arraigned; and (4) inadequate representation by his court-appointed

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir., 1969, 417 F.2d 526, Part I.

counsel. The district court denied relief based upon the record.

 Appellant's complaint that he was illegally arrested is insufficient grounds for collateral relief from a conviction unless the arrest in some way deprived him of a fair trial. Abraham v. Wainwright, 5th Cir.1969, 407 F.2d 826; Sutherland v. Wainwright, 5th Cir.1968, 399 F.2d 303. As to the complaint that he was illegally placed in a lineup without counsel, appellant relies upon United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. Appellant was tried and convicted on May 24, 1967; the *Wade* opinion was announced on June 12, 1967. The Supreme Court has held that *Wade* not be retroactively applied. Stovall v. Denno, 1967, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. Therefore appellant is not entitled to relief on that ground.

Appellant's claim that he was not arraigned is without merit, especially since he states in another part of his petition that he was arraigned on May 23, 1967, at which time counsel was appointed.

 As to appellant's final contention, the district court held that the issue of inadequate counsel was fully disposed of by the findings of fact entered by the state trial court after its hearing on appellant's application for habeas corpus relief. However, there is nothing to indicate that the district court had before it a transcript of the evidence presented at that hearing. Without reviewing that transcript the court below could not fully evaluate the correctness and fairness of the state court's findings. Therefore, that portion of the district court's order pertaining to the issue of inadequate counsel is vacated and the case remanded to give the court below the opportunity to obtain and review that transcript. Hollingshead v. Wainwright, 5 Cir.1970, 423 F.2d 1059. As to the other issues presented on this appeal, the judgment below is affirmed.

Affirmed in part; vacated and remanded in part.