28353. BLACK v. CALDWELL.
28318. COUCH v. CALDWELL.
28139. RIGGINS v. STYNCHOMBE.

GUNTER, Justice. These three habeas corpus appeals raise related and difficult issues.

In No. 28353, Black was indicted and convicted of theft of a motor vehicle, the crime having occurred on September 24, 1971. The indictment did not charge him with any prior convictions. However, at the sentencing phase of the trial pursuant to our two-step felony procedure, evidence was introduced showing prior convictions, and the jury returned a sentence of twenty years. See Code Ann. § 26-1813 (b). Black's contention in the habeas corpus court and here is that the twenty-year sentence was invalid, because he was only indicted for and convicted of one motor vehicle theft, the maximum punishment for such crime under Code Ann. § 26-1813 (a) being seven years.

In No. 28318, Couch was indicted and convicted of theft of a motor vehicle, the crime having occurred on April 6, 1972. The indictment did not charge Couch with any prior convictions. However, at the sentencing phase of the trial pursuant to our two-step felony procedure, evidence was introduced showing prior convictions, and the jury returned a sentence of fifteen years. See Code Ann. § 26-1813 (b). Couch's contention, like Black's is that the fifteen year sentence was invalid, because he

was only indicted for and convicted of one motor vehicle theft, the maximum punishment for such crime under Code Ann. § 26-1813 (a) being seven years.

In No. 28139, Riggins was indicted and convicted of theft of a motor vehicle, the crime having occurred on November 20, 1971. The indictment in this case differed from those in the other two cases in that the indictment alleged two prior convictions for larceny of an automobile in accordance with Code Ann. § 26-1813 (b). Riggins' contention in the habeas corpus court and here is that the prior convictions, alleged and contained in the indictment, were improperly used to convict him of the crime for which he was being tried, thereby "prejudicing his trial and subjecting him to double jeopardy."

Thus we see that in the Black and Couch cases prior convictions were not alleged in the indictment and were not introduced in evidence during the guilty-innocent phase of the trial under our two-step felony procedure which went into effect on July 1, 1970. However, Black and Couch were given notice at the beginning of their trials that their prior convictions would be used against them in the second or sentencing phase of the trials. See Code Ann. § 27-2534. The problem is that Black and Couch contend that even with two prior convictions having been proved during the sentencing phase of the trial, it was within the province of the jury to assess a sentence of not less than three years nor more than seven years pursuant to Code Ann. § 26-1813 (a), and that the sole purpose of introducing prior convictions at the sentencing phase was to assist the jury in arriving at a sentence between the minimum of three years and the maximum of seven years. The state's contention is that since the effective date of the two-step felony procedure statute, it is legally improper to allege and prove prior convictions during the guilty-innocent phase of the trial; that alleging and proving such prior convictions during the first phase puts the accused's character and history as an habitual criminal in issue before the jury, thereby depriving the accused of a fair trial on the issue of guilt or innocence of the crime for which he is currently being tried; and that the proper procedure under the two-step statute is to withhold evidence of prior convictions during the first phase and only present such evidence during the second or sentencing phase of a trial.

The habeas corpus judges, in two separate jurisdictions, both held in the Black and Couch cases that since July 1, 1970, the effective

date of the two-step felony procedure statute (Code Ann. § 27-2534), it was no longer necessary to allege prior convictions in the indictment and prove prior convictions as an element of the crime charged in the indictment; and that the mere giving of notice to the accused at the beginning of the trial that prior convictions would be used against him in the sentencing phase of the trial was enough to activate the increased sentence provisions, in excess of a maximum of seven years, contained in Code Ann. § 26-1813 (b).

In Riggins' case the habeas corpus judge in still another jurisdiction held that under this court's decision in *Studdard v. State,* 225 Ga. 410 (169 SE2d 327), it was necessary for the state to allege prior convictions in the indictment and prove them as an element of the crime charged in order to activate the increased penalty provisions of Code Ann. § 26-1813 (b) applicable to an habitual criminal. Riggins' case was tried in April, 1972, subsequent to the effective date of the two-step felony procedure statute.

Code Ann. § 26-1813 (Ga. L. 1969, pp. 857, 861) was in effect at the time of the *Studdard* decision by this court in 1969. However, the two-step felony procedure statute (Code Ann. § 27-2534) had not been enacted when *Studdard* was decided; the latter was enacted in 1970 and became effective July 1, 1970.

This court has not ruled on this issue since *Studdard* and has not heretofore given consideration to the effect of the two-step felony procedure statute in this context. See *Croker v. Smith,* 225 Ga. 529 (169 SE2d 787), and *Landers v. Smith,* 266 Ga. 274 (174 SE2d 427). However, our Court of Appeals has held in *Green v. State,* 129 Ga. App. 27 (198 SE2d 343), that prior convictions were properly and necessarily included in the indictment subsequent to the effective date of our two-step felony procedure statute.

We have therefore come to the point where this court must resolve the issue between recidivist criminal statutes and trial procedures so as to make the trial and conviction under a recidivist statute comport with due process of law under the Georgia Constitution.

In our system of criminal justice it is elementary that an accused should be tried only for the particular offense with which he is charged. The jury, in determining his guilt or innocence with respect to the particular offense charged, should be blind to the character, station in life, and prior conduct of the accused unless the accused himself voluntarily inserts those issues into his trial.

But such blindness cannot possibly be achieved when the jury knows of the criminal record of the accused being tried. Therefore, our system of criminal justice actually dictates that in a recidivist proceeding prior convictions should be used only for the purpose of determining the punishment or sentence to be imposed and prior convictions have no place whatsoever in determining the guilt or innocence of the accused with respect to the particular offense that he is alleged to have committed.

Prior to July 1, 1970, Georgia had a unitary criminal trial procedure which necessitated the determination of guilt and punishment by the jury at the same time. Under that unitary trial procedure this court consistently held that when an accused was charged with having violated a recidivist criminal statute of this state, it was necessary to include prior convictions in the indictment and prove the prior convictions as elements of the crime charged at the unitary trial. See *Landers v. Smith,* 226 Ga. 274, supra, and cits. See also Spencer v. Texas, 385 U. S. 554 (87 SC 648, 17 LE2d 606), in which the Supreme Court of the United States held that a state's unitary trial procedure in recidivist cases does not fall below the minimum level that the due process clause of the Fourteenth Amendment will tolerate.

However, the question that we now face is this: Under the two-step felony procedure prescribed by the Georgia General Assembly, will "due process of law" permit disclosing to the jury during the first phase of the trial prior convictions of the accused on trial?

We hold that the two-step felony procedure was devised and enacted by the Georgia General Assembly for the express purpose of prohibiting disclosure of prior convictions to the jury during the first phase of the trial. We conclude that the legislature intended that any prior convictions be disclosed to the jury only at the second or sentencing phase of the trial. We also hold that since July 1, 1970, making such a disclosure, without a waiver, during the first phase of the trial is reversible error.

But is it sufficient to indict an accused for one offense, convict him of the one offense charged, and then impose punishment at the second phase of the trial pursuant to recidivist statutes which permit maximum punishment greater than the maximum punishment for the individual offense for which the accused was indicted and convicted? We hold that even under our two-step felony procedure statute an accused cannot receive a sentence greater than that prescribed by law for the crime for which he was indicted and convicted. For one to receive recidivist

punishment he must have been indicted under a recidivist statute, his prior convictions having been considered by the Grand Jury and having been included in the indictment. In short, one cannot be indicted by a Grand Jury for only one offense carrying a maximum punishment, and then have that maximum punishment increased at the election of the state's prosecuting officers.

Under our two-step procedure one must be indicted as a recidivist in order to impose recidivist punishment, but the recidivism of the accused must not be disclosed during the first phase of the trial and may only be disclosed after conviction at the second phase of the trial.

By virtue of the rulings herein made the judgments in Nos. 28353 (Black) and 28318 (Couch) are reversed with direction that the habeas corpus courts enter judgments in those cases requiring new sentencing trials in the convicting courts.

In No. 28139 (Riggins) the habeas corpus court dismissed the habeas application on the basis of *Studdard* without holding a hearing. Therefore, the record before us in this appeal does not show what transpired in the convicting court. Riggins was entitled to a hearing and a determination by the habeas corpus court as to whether there was "a substantial denial of his rights" in the convicting court pursuant to Code Ann. § 50-127 (1). The judgment in No. 28139 is reversed, and the case is remanded to the habeas corpus court for further proceedings consistent with this opinion.

*Judgments reversed with direction. All the Justices concur, except Jordan, J., who dissents.*

Case No. 28139: SUBMITTED SEPTEMBER 13, 1973 — DECIDED JANUARY 7, 1974 — REHEARING DENIED JANUARY 28, 1974.

Robert J. Riggins, *pro se.*

*Lewis R. Slaton,* District Attorney, *Joseph J. Drolet, Morris H. Rosenberg, Carter Goode, Arthur K. Bolton,* Attorney General, for appellee.

Cases Nos. 28318, 28353: ARGUED OCTOBER 9, 1973 — DECIDED JANUARY 7, 1974.

*James C. Bonner, Jr.,* for Couch.

*Guy B. Scott, Jr.,* for Black.

*Arthur K. Bolton,* Attorney General, *Courtney Wilder Stanton, David L. G. King, Jr.,* Assistant Attorneys General, for appellee.