**Alex ARDISTER, Petitioner-Appellant,**

v.

**Joseph S. HOPPER, Warden, Georgia State Prison, Respondent-Appellee.**

**No. 73–3559.**

United States Court of Appeals, Fifth Circuit.

Sept. 13, 1974.

---

F. Robert Raley, Macon, Ga. (Court-appointed), for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., William F. Bartee, Jr., B. Dean Grindle, Jr., Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before BELL, GOLDBERG and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Today's decision marks the fifth post conviction judicial proceeding of record in Ardister's anfractuous quest for habeas corpus relief from a twenty year sentence as a recidivist car thief. The interests of the petitioner and heavily burdened court systems, as well as the interests of comity and justice would be served best by an extra careful effort to bring this overlong and overcomplicated quest to an expeditious conclusion. Unfortunately, an erratic history and an incomplete record of recent state court proceedings prevent our writing a complete end here.

To assist the courts which must adjudicate the issues which remain we have combed the record and prepared this narrative history. On September 19, 1968 Ardister was tried in the Superior Court of Elbert County, Georgia on an indictment charging him with the theft of a 1967 Chevrolet automobile. The prosecution introduced three prior convictions for larceny of an automobile against Ardister and the trial court instructed the jury that they could fix Ardister's sentence at any number of years not less than ten nor more than twenty if they found he was guilty of a third or subsequent such felony. The jury did find Ardister guilty and fixed his punishment at twenty years. No direct appeal from this conviction was taken or attempted. On March 27th, 1969, the Superior Court of Tattnall County, Georgia accorded Ardister a hearing on his pro se petition for habeas corpus relief. Ardister contended that his conviction was void because (1) he had been denied a preliminary hearing, (2) his assigned counsel had rendered ineffective assistance, and (3) his twenty year sentence amounted to cruel and unusual punishment. On May 5, 1969 the Superior Court of Tattnall County entered an order denying habeas corpus relief together with detailed findings of fact based upon the hearing record on Ardister's ineffective counsel claim. No appeal was taken from this proceeding.

Ardister next filed an application for a writ of habeas corpus in the United States District Court for the Middle District of Georgia. As grounds for relief he asserted that (1) he was denied a preliminary hearing, (2) his appointed counsel was ineffective, (3) the evidence introduced against him was insufficient to establish the crime of automobile larceny, (4) the indictment upon which he was tried did not allege prior convictions wherefore the introduction of such priors at his trial was improper, (5) his appointed counsel did not advise him of his right to a direct appeal, he had no knowledge of such right and had been unable to procure advice from fellow-prisoners in time to perfect an appeal, and (6) the failure to appoint counsel at his state habeas proceeding and his lack of knowledge of proper hearing procedures and deposition tactics rendered such post conviction proceedings ineffective. On December 19, 1969 the federal habeas court entered an order denying relief. The court determined that the state habeas rulings that Ardister had been afforded effective assistance of counsel and had received a fair trial were correct, that the introduction of prior felony convictions in a "one stage" jury trial did not violate Ardister's constitutional rights, that the claim of denial of a right of direct appeal had never been raised in the state court, and that the failure to appoint counsel at the habeas corpus proceeding did not violate any constitutional right. On March 16, 1970 the court allowed an amendment to Ardister's previous petition, and based on its clarification made the additional finding that his complaint as to the introduction of his prior convictions also asserted such proof was contrary to the indictment on which he was tried and violated Studdard v. State, 225 Ga. 410, 169 S.E.2d 327 (1969). This clarified contention was also denied for failure to exhaust state remedies. No express ruling was made on Ardister's contention regarding the sufficiency of the evidence adduced against him or the failure to accord him a preliminary hearing.

An appeal to this court followed and on November 11, 1970 we affirmed the denial of habeas corpus relief, Ardister v. Smith, 433 F.2d 931 (1970), holding that the asserted failure to afford a preliminary hearing did not raise a constitutional issue, that the court had correctly discerned that petitioner had failed to exhaust available state remedies relative to his claims that his counsel did not advise him of the right to appeal and that his prior offenses had been improperly introduced into evidence. We expressly withheld ruling on the general claim of ineffective assistance of counsel pending the exhaustion of the claim related to the lack of advice

that he had a right to appeal. Our opinion did not deal with Ardister's claim that his conviction had been based upon insufficient evidence.

The records in this cause are devoid of any documentation as to proceedings between the date of issuance of our November, 1970 mandate and August 18, 1972 when the instant petition for habeas corpus relief was filed in the United States District Court below.[1] In this latest pro se petition Ardister claimed entitlement to habeas relief because (1) his arrest had been illegal, (2) he had been denied bail, (3) he had been interrogated without counsel present, (4) insufficient evidence had been adduced against him, and (5) his counsel had not advised him of his right of direct appeal. Counsel thereafter appointed to represent Ardister supplemented these first five contentions by asserting that (6) he had been denied a preliminary hearing, (7) the indictment did not permit the introduction of the prior automobile larceny convictions, (8) his appointed trial counsel had been ineffective, and (9) the failure to appoint counsel for his state habeas proceedings rendered them ineffective. The court ruled that Ardister's first three contentions resulted in no prejudice to his trial and that the trial transcript reflected ample evidence on which a conviction could have been based. After first noting that the contention regarding the attorney's failure to advise him of his right to appeal should be dismissed as successive (Ardister having offered no reason why he could not have raised it in the state proceedings), the court went on to rule that the claim was insufficient to support relief because Ardister nowhere alleged that he did not know of his right to appeal or that his attorney in any way discouraged his taking an appeal. This order, entered on July 24, 1973,

contained no mention of grounds six through nine. Ardister's counsel subsequently filed a pleading styled a Motion for Reconsideration or in the Alternative for a Certificate of Probable Cause, in which the court's failure to rule on these latter grounds was set forth. By endorsement the court simply granted the certificate of probable cause without explanation or opinion. As this circuit has previously noted, where unexhausted habeas corpus contentions are combined with grounds ripe for decision the court has sometimes refused to decide any issues until all state avenues of relief have been foreclosed and sometimes proceeded to decide the properly presented issues and require exhaustion on the remainder. Harris v. Estelle, 5 Cir., 487 F.2d 1293 (1974). Under the entirely unique circumstances present here a narrowing of the issues rather than a remand for exhaustion is clearly indicated.

▮ In our prior opinion we held that Ardister's contention regarding the denial of a preliminary hearing did not rise to the level of a constitutional right. That ground, which has now been urged and denied at least five times in state and federal habeas trial and appellate forums, can form no basis for federal constitutional relief. See 433 F.2d at 931. We also affirm the district court's denial of Ardister's contention that the evidence was insufficient to support his conviction. The trial transcript shows more than ample proof that would support a jury determination that Ardister was guilty of larceny of the 1967 Chevrolet automobile charged in the last indictment and also that he had been convicted of three previous similar offenses. Moreover, inasmuch as his contention is not a lack of any evidence but merely the insufficiency of that which was offered, the asserted error lacks constitutional dimension. Thompson v. Louis-

---

1. Respondent represents that since our November 1970 decision Ardister has twice attempted to secure relief on the unexhausted issues by filing habeas petitions in the Superior Court of Tattnall County. Respondent is aware of no formal ruling by that court disposing of the petitions and assumes, because the State was never ordered to respond to the petitions pursuant to Ga.Code Ann. § 50–127(6) (1973), that the petitions were dismissed as successive under Ga.Code Ann. § 50–127(10), (1973).

ville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed. 2d 654 (1960). The District Court's determination that Ardister's asserted illegal arrest, denial of bail and interrogation without counsel, if true, resulted in no prejudice to his defense and raised no ground for relief is affirmed. *See* Perry v. State of Texas, 456 F.2d 879 (5th Cir.), cert. denied, 409 U.S. 916, 93 S.Ct. 248, 34 L.Ed.2d 178 (1972); Brooks v. Smith, 429 F.2d 1281 (5th Cir. 1970); Abraham v. Wainwright, 407 F. 2d 826 (5th Cir. 1969).

█ This is the fifth time Ardister has raised the general contention that his appointed counsel was ineffective. When the claim was initially raised in the state court a hearing on the merits was held in that proceeding. The transcript thereof and the state court's reasoned findings provide a reliable and adequate written indicia to enable this Court to conclude that the ruling there made was correct. 28 U.S.C. § 2254(d). This holding, however, must be subject to the caveat that its disposition is without prejudice to Ardister's present contention that his appointed counsel did not advise him of his right to take a direct appeal from his conviction. Subject only to the eventual resolution of that matter as discussed below, the decision that the counsel appointed to represent him did not render him less than reasonably effective assistance is affirmed.

The Attorney General impliedly invites us to return the case to the state courts of Georgia yet another time with the assurance that "the stern attitude of (The Superior Court of Tattnall County) toward dismissal of the habeas corpus petition as successive, has considerably relaxed" due to changes in the decisional law of the State of Georgia. The Attorney General furthermore represents that he recognizes Ardister could not have been expected to raise the *Studdard* issue prior to the time *Studdard* was decided by the Supreme Court of Georgia, and therefore he would not move to have any subsequent petition by Ardister raising the grounds set out

in our prior mandate dismissed as successive.

█ Ardister's claim that he was entitled to have counsel appointed to assist him in the presentation of his post conviction proceedings does not raise a claim cognizable by this court, whose concerns are limited to the preservation of federal constitutional rights. *See* Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); Stanley v. Wainwright, 406 F.2d 8 (5th Cir. 1969); Queor v. Lee, 382 F.2d 1017 (5th Cir. 1967). However, in view of the unusual concessions made here by the chief legal officer of the State of Georgia, and the multiple proceedings in the state and federal habeas forums which this cause has spawned, we feel confident that the State of Georgia will wish to appoint counsel to represent Ardister at any further habeas corpus proceedings the State may choose to conduct. Comity would surely be well served by every effort to secure a complete presentation and consideration of the remaining issues in that forum.

■█ This brings the proceedings back essentially to where they were November 11, 1970 when this Court held that Ardister had not exhausted his contentions that his appointed counsel failed to advise him of his right of direct appeal and that the form of the indictment against him would not permit the proof of his prior convictions for automobile larceny. Based upon the representations of the Attorney General this court could hold that Ardister has exhausted his state remedies. However, in light of the fact that we have no direct evidence before us that the right of appeal and indictment issues have ever been squarely presented to or considered and ruled upon by the courts of Georgia, justice as well as comity dictate that the matter should be remanded to the district court with directions to conditionally dismiss these two contentions for failure to exhaust state remedies. This course will enable Ardister to present these issues to the appropriate Georgia forum,

which may wish to develop an adequate hearing record on counsel's actions regarding advice to Ardister, the extent of Ardister's own knowledge of his right to appeal based upon prior courtroom experience and whether Ardister may have received advice as to these rights from any other source.

Obviously, the courts of the State of Georgia are in the best position to interpret the meaning and proper application of Studdard v. State, and should be accorded the initial opportunity so to do. An appropriate time limitation should be expressed in the District Court's order dismissing the present petition so that if Georgia decides that no further action on Ardister's claims by it would be appropriate, the district court can proceed to hold such additional hearings or take such further actions as it may deem proper to enable it to rule upon these two contentions. We neither make nor intimate any ruling as to the outcome of any matter remanded.

Affirmed in part, and in part remanded with directions.