## 49776. DAVIS v. THE STATE.

DEEN, Presiding Judge.

The defendant was indicted and convicted on three counts of burglary under the Multiple Offender Act. It is impossible to tell from this record whether the prior conviction alleged in the indictment was shown to the jury, although it may be inferred from the briefs of counsel that the part dealing with this matter was taped over. However, during the course of the trial a peace officer on direct examination by the state testified, in response to a question of whether he had explained to the defendant his constitutional rights, replied: "I certainly did, and during the time that I was advising him of his rights, this was when he advised me he knew all about them, that he'd been in jail before."

The defense moved for a mistrial. The court overruled the motion and admonished the witness not to volunteer information then, directly addressing the jury, he said: "I think it's alleged in this bill of indictment that the defendant has a prior arrest and a prior conviction, so disabuse your minds from whatever was said with reference to that."

The court's statement was at the least an expression of opinion that the indictment alleged a prior conviction which, unless proper and undisputed, was error. Code § 81-1104. If the indictment in fact went out with the jury, it

further informed them of a fact not before them and which could materially influence the verdict. The problem of what to do with allegations concerning prior convictions when the multiple offender law is sought to be invoked has apparently been firmly established by *Riggins v. Stynchombe,* 231 Ga. 589 (203 SE2d 208) in a holding that, while the prior convictions must be alleged in the indictment, they must not be revealed to the jury until the sentencing hearing. "We hold that the two-step felony procedure was devised and enacted by the Georgia General Assembly for the express purpose of prohibiting disclosure of prior convictions to the jury during the first phase of the trial. We conclude that the legislature intended that any prior convictions be disclosed to the jury only at the second or sentencing phase of the trial." Id., p. 592.

It follows that the court's statement to the jury that he believed the indictment alleged a prior conviction constituted reversible error.

Since there was testimony, although contradicted, that the defendant was fully informed of his constitutional rights, and that he voluntarily agreed to the search of his room without a warrant, the motions to suppress evidence and for acquittal were properly denied. The remaining enumerations of error are not passed upon. Some are obviously unlikely to recur, and the validity of others will depend on the manner of presentation of evidence at the next trial.

*Judgment reversed. Stolz and Marshall, JJ., concur.*

ARGUED OCTOBER 1, 1974 — DECIDED
DECEMBER 4, 1974.

*James E. Nicholson, Jr.,* for appellant.
*Richard E. Allen, District Attorney, J. Bacheller Flythe, Assistant District Attorney,* for appellee.