**Bud Dallas HORTON, Jr.,
Petitioner-Appellant,**

v.

**STATE OF ALABAMA,
Respondent-Appellee.**

No. 76–2362
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 7, 1976.

Bud Dallas Horton, Jr., pro se.

William J. Baxley, Atty. Gen., C. Lawson Little, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before DYER, CLARK and HILL, Circuit Judges.

PER CURIAM:

Bud Dallas Horton, Jr., an inmate of the Alabama Prison System, appeals from the denial of his petition for habeas corpus relief in the United States District Court for the Northern District of Alabama. Horton was indicted by a grand jury in the Circuit Court of Madison County, Alabama for first-degree murder. After a jury trial he was subsequently convicted of murder in the second degree and sentenced to 20 years imprisonment. The Alabama Court of Criminal Appeals affirmed the conviction, expressly rejecting the defendant's arguments that insufficient evidence existed to support the conviction and that the district attorney's closing arguments were improper and prejudicial. *Horton v. State*, 56 Ala. App. 548, 323 So.2d 731, 734 (1975).

Despite the lack of any further direct or collateral attack on his conviction within the Alabama court system, the State of Alabama did not contest the exhaustion issue. The district court assumed that state

*Rule 18, 5th Cir., *see Isbell Enterprises, Inc. v. Citizens Casualty Co.*, 5th Cir. 1970, 431 F.2d 409, Part I.

remedies had been exhausted and proceeded to deny habeas corpus relief on all grounds raised. Specifically, the district court rejected these arguments raised by Horton: (1) incompetent counsel; (2) case set for trial too hastily; (3) discrimination in jury selection; (4) failure to prove corpus delicti; (5) use of perjured testimony; (6) improper separation of jury; (7) improper prosecutorial argument. Issues 1, 2, 3, and 6 have never been raised within the Alabama state court system, either directly or collaterally, and it is unclear whether issue 4 has been so presented.

The statute which governs federal consideration of habeas corpus relief from custody pursuant to state court judgments demands that alleged constitutional infirmities in this petitioner's conviction must first be presented to the Alabama judiciary in order that it may have the opportunity to examine defendant's arguments through a full evidentiary hearing and determine whether any form of relief is appropriate. 28 U.S.C. § 2254(b) (1970). In this particular case comity dictates that the cause be remanded with directions to dismiss the petition without prejudice so that appellant may present his alleged grievances which have not been exhausted to the proper forum. *Ardister v. Hopper*, 500 F.2d 229, 233–34 (5th Cir. 1974).

VACATED AND REMANDED WITH DIRECTIONS.