## 32146. JOHNSON v. HOPPER.

INGRAM, Justice.

This is an appeal from the denial of habeas relief in the Tattnall Superior Court. The sole question on appeal is whether the sentence petitioner received pursuant to his conviction for violation of the Uniform Narcotic Drug Act, now repealed, is within legal limits. We have determined that this sentence exceeds the maximum limits prescribed by law.

At a jury trial in the Fulton Superior Court, the petitioner was convicted under Indictment No. A 23868 for violation of the Uniform Narcotic Drug Act (Code Ch. 79A-8; Ga. L. 1967, pp. 296, 325-343; 1970, p. 470; 1971, pp. 273, 299; repealed by Ga. L. 1974, p. 221) for an offense committed in March, 1974, and under Indictment No. A-24118 for violation of the Georgia Controlled Substances Act (Code Ch. 79A-8; Ga. L. 1974, p. 221 et

seq.; 1975, p. 919 et seq.) for an offense committed in August, 1974. He received sentences of nine years on each count, the sentences to run concurrently.

Under the old Uniform Narcotic Drug Act, a first offender was subject to imprisonment from two to five years, whereas, a second offender or an offender who previously had been convicted of violating any drug law of any State, territory, or district of the United States was subject to imprisonment from five to ten years. Code Ann. § 79A-9911 (Ga. L. 1967, pp. 296, 375; 1970, pp. 470, 471; 1972, pp. 720, 721).

The habeas record affirmatively shows that the petitioner was not indicted as a recidivist under the indictment charging him with a violation of the Uniform Narcotic Drug Act. Nor was he indicted as a recidivist under the indictment charging him with a violation of the Controlled Substances Act.[1]

*Black v. Caldwell,* 231 Ga. 589 (203 SE2d 208) (1974), and *Studdard v. State,* 225 Ga. 410 (1) (169 SE2d 327) (1969), hold that a defendant in a criminal trial must be indicted as a recidivist to receive recidivist punishment. See also *Elrod v. Caldwell,* 232 Ga. 876 (209 SE2d 207) (1974). Under the authority of these cases, the petitioner's sentence to nine years imprisonment for violation of the Uniform Narcotic Drug Act must be vacated.

The habeas court is, therefore, directed to enter an order vacating this sentence given the appellant and remanding the case to Fulton Superior Court for resentencing on the conviction for violating the Uniform Narcotic Drug Act.

*Judgment reversed with direction. Nichols, C. J., Undercofler, P. J., Jordan, Hall and Hill, JJ., concur.*

---

[1] The 9-year sentence petitioner received pursuant to his conviction for violation of the Controlled Substances Act was within the maximum limits prescribed by law regardless of whether petitioner is considered a first offender or second offender. See Code Ann. § 79A-811 (d) (Ga. L. 1974, pp. 221, 243; 1975, pp. 1112, 1113).

SUBMITTED APRIL 12, 1977 — DECIDED APRIL 21, 1977.

Donnell Johnson, *pro se.*
Arthur K. Bolton, *Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellee.