## 12017. Drawdy v. Musslewhite.

Jenkins, P. J. This is a proceeding to establish a lost deed alleged to have been made by James A. Drawdy to L. K. Drawdy, deceased, and is instituted by Mrs. Lizzie Musslewhite in her own right as heir at law of her deceased father, the grantee under the alleged deed. *Held*:

1. In transferring the case to this court, the Supreme Court held that the proceeding does not involve title to land. 150 *Ga.* 723 (105 S. E. 298).

2. The verdict and judgment establishing the copy of the alleged lost deed was authorized by the evidence. The existence, the execution, and the loss of the original instrument having been sufficiently shown, it was not improper to permit the introduction of secondary evidence for the purpose of proving its contents. *Smith* v. *Smith*, 106 *Ga.* 303 (31 S. E. 762); *Garbutt Lumber Co.* v. *Gress Lumber Co.*, 111 *Ga.* 821 (35 S. E. 686).

3. The alleged grantor having denied the execution and delivery of the deed, it was not error to permit the plaintiff to prove by the defendant that he, as administrator of the grantee, had returned the premises for taxation as a part of the decedent's estate.

4. The third ground of the amendment to the motion for new trial, in which exception is taken to the exclusion of the defendant's evidence denying the execution and delivery of the alleged deed, would require the grant of a new trial but for the fact that this identical testimony was afterwards admitted without objection. While the inhibitions of the Civil Code (1910), § 5858, relative to the admission of testimony against a deceased person, are not removed merely because another disinterested person has testified as to the same transaction (*Jones* v. *Teasley*, 25 *Ga. App.* 784, 105 S. E. 46, 47), the evidence was properly admitted in this case, since the rule does not apply to an heir-at-law suing in her own right as to transactions between the defendant and the intestate. *Oliver* v. *Powell*, 114 *Ga.* 592, 593 (5) (40 S. E. 826); *Boynton* v. *Reese*, 112 *Ga.* 354 (3) (37 S. E. 437).

                 *Judgment affirmed.* *Stephens and Hill, JJ., concur.*
                 Decided May 14, 1921.

Action to establish lost deed; from Berrien superior court — Judge Thomas. February 14, 1920.

*J. W. Powell, R. A. Hendricks,* for plaintiff in error.

*J. C. Smith, W. D. Buie,* contra.