20317. GOBLE *v.* REESE.

ARGUED JANUARY 12, 1959—DECIDED FEBRUARY 6, 1959.

*Eugene Cook, Attorney-General, E. Freeman Leverett, Assistant Attorney-General,* for plaintiff in error.

*Lewis R. Slaton, Jr.,* contra.

HEAD, Justice. ■ The constitutional jurisdiction of the Supreme Court "in all habeas corpus cases" (Constitution, art. VI,

sec. II, par. IV (Code, Ann., § 2-3704) is limited on review to a determination as to the legality of the detention, and not as to the guilt or innocence of the person detained. Code § 50-126, as amended, Ga. L. 1946, pp. 726, 747; *Sanders* v. *Paschal*, 186 *Ga.* 837 (199 S. E. 153). This is not, therefore, an attempt by the State to appeal in a criminal case.

The case of *State* v. *Thompson*, 175 *Ga.* 189 (165 S. E. 34), and similar cases, have no application to the jurisdiction of this court to review all habeas corpus cases. The act of the General Assembly (Ga. L. 1956, pp. 374, 375; Code, Ann., § 50-107), pertaining to the return day for a writ of habeas corpus in a criminal case, does not purport to restrict or limit the constitutional jurisdiction of this court in habeas corpus cases. Legislative acts, however solemnly enacted, cannot repeal or revise the Constitution of this State. The motion to dismiss is without merit, and is denied.

■ Where it is contended by the prisoner that he has executed the sentence or sentences imposed, habeas corpus is a proper remedy to call into question his alleged illegal restraint. Code § 50-101. The demurrers of the respondent were properly overruled.

■ "Where a person is convicted on more than one indictment or accusation at separate terms of court, or in different courts and sentenced to imprisonment, such sentences shall be served consecutively, the one after the other, unless otherwise expressly provided therein." Ga. L. 1956, pp. 161, 168 (Code, Ann., § 27-2510). The above act was approved February 20, 1956, and was of full force and effect at the time the prisoner was sentenced to serve not less than three years, and not more than five years, on his plea of guilty on April 5, 1956.

The prisoner was sentenced to serve a minimum of four years on two felony sentences imposed on December 9, 1953. Admittedly, these sentences had not expired at the time of the imposition of the sentence for arson on April 5, 1956 (which sentence did not provide that it was to be served concurrently with any previous sentence). The prisoner would not, therefore, begin to serve the sentence for arson until the expiration of the prior sentences, with such "good time" as might be allowed by

law. Ga. L. 1956, pp. 161, 178, § 24 (Code, Ann., § 77-320).

A sentence continues to run while being served on probation. *Wimbish* v. *Reece*, 170 *Ga.* 64 (152 S. E. 97) ; *Johnson* v. *Walls*, 185 *Ga.* 177 (194 S. E. 380) ; *Cross* v. *Huff*, 208 *Ga.* 392, 396 (67 S. E. 2d 124) ; *Buice* v. *Bryan*, 212 *Ga.* 508 (4) (93 S. E. 2d 676).

The powers of public officers are fixed by law, and no officer may exercise a power not conferred. The State Board of Pardons and Paroles has not had conferred upon it any power to change the sequence of sentences legally imposed by the courts. The revocation of the parole of the prisoner, within itself, under the law, would require that the prior sentences be served in full (less allowance for "good time") before the sentence imposed on April 5, 1956, would begin.

It is contended by the prisoner that the provision in his 1956 sentence that it was "to be computed as provided in the act approved August 27, 1931," had the legal effect of an express provision therein that it was to be computed from the time of the sentence, and not to follow consecutively after his prior sentences, under Ga. L. 1956, pp. 161, 168 (Code, Ann., § 27-2510).

The act approved August 27, 1931 (Ga. L. 1931, p. 165; Code § 27-2505), provides that, when the defendant is in jail or otherwise incarcerated and no appeal is pending, the sentence shall be computed from the date of its imposition. "Under a rational construction of the statute its sole purpose was to give a defendant credit for time involuntarily spent in jail after sentence, . . ." *Murphy* v. *Lowry*, 178 *Ga.* 138, 142 (172 S. E. 457) ; *Crider* v. *Clark*, 182 *Ga.* 371 (185 S. E. 326) ; *Aldredge* v. *Potts*, 187 *Ga.* 290 (200 S. E. 113).

The 1931 act was not intended to apply to sentences at different terms of court, and the reference to the 1931 act in the sentence of the prisoner did not amount to an express provision that the sentence should be computed from its date.

Under the foregoing rules, the prisoner's sentences had not expired at the time of the hearing on the habeas corpus petition, and the judge of the superior court erred in ordering his discharge.

*Judgment reversed. All the Justices concur.*