25323. CROKER v. SMITH, Warden.

SUBMITTED JULY 15, 1969—DECIDED SEPTEMBER 10, 1969.

Robert Croker, *pro se.*

Arthur K. Bolton, Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Larry H. Evans, for appellee.

MOBLEY, Presiding Justice. The appeal is from a judgment denying the appellant's petition for writ of habeas corpus, and remanding him to the custody of the warden. His enumeration of errors contains five grounds. He is serving a sentence of ten years for possessing burglary tools. The indictment charging him with this crime also charged and listed nine other felonies of which he had been convicted.

■ The first enumeration of error is that the court refused to grant his request for the appointment of an attorney to represent him. The court held that the appointment of an attorney in a habeas corpus case is not required.

The Sixth Amendment of the Constitution of the United States (*Code* § 1-806) provides that in all criminal prosecutions the accused shall enjoy the right to have assistance of counsel for his defense; and the Constitution of Georgia, Art. I, Sec. I, Par. V (*Code Ann.* § 2-105) provides that every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel. A habeas corpus case is not a criminal prosecution. See *Goble v. Reese,* 214 Ga. 697 (1) (107 SE2d 175); 162 ALR 922. This ground is without merit.

■ The second enumeration of error alleges that the court erred in holding that the appellant was not denied a fair trial

by an impartial jury by listing in the indictment a number of previous convictions of burglary and other crimes. He alleged in his petition that this denied him the right to trial by a fair and impartial jury provided and guaranteed by the Sixth Amendment to the Constitution of the United States, and violated his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

While the writer of this opinion agrees with the appellant's contention that the introduction of previous convictions denies him a fair and impartial trial and due process of law, full bench decisions of this court holding otherwise are binding upon this court until overruled by a full bench decision of this court. See *Coleman v. State*, 215 Ga. 865 (2) (114 SE2d 2), an opinion written by the writer of this opinion, and cases there cited, and *Kryder v. State*, 212 Ga. 272 (1) (91 SE2d 612), both full bench decisions so holding. See also *Studdard v. State*, 225 Ga. 410 (169 SE2d 327), where this court held that it is mandatory that prior convictions be alleged in the indictment where the State seeks to have increased the punishment of one who is convicted under Ga. L. 1966, pp. 555, 556 (*Code Ann.* § 26-2603).

■ The third enumeration of error alleges that the indictment was illegal because it listed one of the defendant's previous convictions a "burglary conviction" when the conviction was for stealing an automobile.

The record does not support the appellant's contention, as the indictment charged him with breaking and entering the Jones Motor Company house for the purpose of committing a felony and larceny and further charged that he did "take and carry away from said Jones Motor Company storage house" a described automobile. There is no merit in this ground.

■ The fourth enumeration of error alleges that the indictment was illegal because it listed a previous conviction, which was then on appeal, and the Court of Appeals later reversed the conviction and the appellant was never again tried thereon. The record supports his contention. The case was on appeal to the Court of Appeals at the time the indictment was returned and at the time of his trial and conviction.

Previous convictions are listed in indictments by reason of Ga. L. 1953, Nov. Sess., pp. 289, 290 (*Code Ann.* § 27-2511), which provides: "If any person who has been convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted. . ." This court, as previously pointed out, has held that it is mandatory that such previous convictions be set out in the indictment.

In *Summerour v. Cartrett,* 220 Ga. 31 (136 SE2d 724), this court held: " 'The word "conviction" is sometimes used to mean a verdict of guilty, or a plea of guilty, and sometimes is used to include also the judgment. The construction is not always uniform, but is dependent upon a construction of the particular law or statute under consideration.' *Cantrell v. State,* 141 Ga. 98, 104 (80 SE 649)." And further held that where "the constitutional provision provides for forfeiture of the right to hold office upon being 'convicted,' " the conviction must be a final one, the court pointing out that "it is evident that if the jury's verdict had been set aside or was under review and thus subject to be set aside either by motion for new trial, bill of exceptions or other appropriate procedure, there would be no conviction within the meaning of the constitutional provision."

Obviously the same reasoning applies here. A conviction which is on appeal is not a conviction within the meaning of *Code Ann.* § 27-2511. The conviction must be final before it can be included in an indictment. In fact, the appellant's conviction having been reversed and he not having been retried, he was never convicted of the offense. See Juskulski v. State, 206 Ind. 503 (190 NS 423); State v. De Bery, 150 Me. 28 (103 A2d 523); Attorney General v. Pelletier, 240 Mass. 264 (134 NE 407).

The inclusion of this conviction in the indictment was error.

■ Since the indictment under which the appellant was convicted was void under the ruling in Division 4, the appellant was not lawfully tried. Direction is given that he be surrendered by the warden to the custody of the Sheriff of Fulton

County, to be held by him for reindictment and trial, or until otherwise lawfully released.

*Judgment reversed with directions. All the Justices concur, except Felton, J., not participating.*