47666. LAWRENCE v. EDWARDS et al.

QUILLIAN, Judge. Mary Etta G. Lawrence brought suit against four defendants seeking to recover for the alleged wrongful death of her son, Larry Lawrence, who died in an automobile wreck April 5, 1971. He was a passenger in the automobile of David Lewis Edwards, which was being driven by Edwards' minor son, Paul Lewis Edwards. Greg Conner, also a minor, was operating the automobile of his mother, Margaret R. Conner. The defendants filed motions for summary judgment based upon the pleadings and affidavits. The motions were granted and the plaintiff appealed. *Held:*

1. The evidence showed: that at the time of the plaintiff's son's death he was a passenger in an automobile which was engaged in a drag race on the public highway; that he knew that the driver of the automobile intended to engage in the race and he acquiesced in the driver's actions; that at the time the automobile in which the plaintiff's son was riding left the road it was traveling at a speed of approximately 100 miles per hour. Under the facts of this case the plaintiff's son assumed whatever risks might develop and an action for his death was barred. *Roberts v. King,* 102 Ga. App. 518 (116 SE2d 885).

2. The plaintiff contends that evidence as to certain

statements which the plaintiff's son made should not be considered because it would be in violation of Code § 38-1603 (1) which provides: "Where any suit shall be instituted or defended by a person insane at the time of trial, or by an indorsee, assignee, or transferee, or the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the insane or deceased person as to transactions or communications with such insane or deceased person whether such transactions or communications were had by such insane or deceased person with the party testifying or with any other person." This statute does not apply in this case because this action was neither prosecuted nor defended by a personal representative of the deceased. *Drawdy v. Musselwhite,* 27 Ga. App. 84 (107 SE 549); *Gunn v. Pettygrew,* 93 Ga. 327 (20 SE 328).

3. The plaintiff argues that since there was evidence that the plaintiff's son was intoxicated at the time it would be a question for the jury whether he was intoxicated to the extent that he was unable to make a conscious choice to participate in the race. With this contention we can not agree. "The rule is . . . well established in this State that the acts or conduct of one voluntarily drunk will be measured by the same rules as those applying to a sober person." *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665, 667 (88 SE2d 6). See *Powell v. Berry,* 145 Ga. 696 (89 SE 753, LRA 1917A 306).

4. It is also contended by the plaintiff that the deposition of Greg Conner should not be considered because certain statements made therein were contradicted. The statements of Conner which were contradicted were not "material matter" as to the issue of whether the plaintiff's son had assumed the risk of the drag race and therefore Code § 38-1806 would not apply. Moreover, assuming that Conner's deposition should not be considered there was other evidence ample to

independently and conclusively establish that the plaintiff's son acquiesced in the driver's actions of engaging in the race.

5. The remaining enumeration of error is without merit.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED JANUARY 2, 1973 — DECIDED JANUARY 26, 1973.

*Walton Hardin,* for appellant.

*Wilbur A. Orr, Burnside, Dye & Miller, A. Montague Miller, Fulcher, Hagler, Harper & Reed, Gould B. Hagler, Lawson E. Thompson,* for appellees.