*Jr.,* for appellee.

## 48022. DAVIS v. POPE.

EVANS, Judge. Francis Marion Davis was involved in a minor automobile collision. Shortly afterwards the investigating officer arrested him for driving under the influence of intoxicants. While he was under the influence and appeared to be in a drunken condition, the police officer asked him if he would like to take either a breath or blood test; and that if he refused the State of Georgia would "pull" his license for a period of six months under the Implied Consent Law. Davis advised the police officer while at the scene that he had been driving. The officer did not remember the exact time he placed Davis under arrest, but it was at the scene. As to Davis' drunken condition, the officer testified if he had seen him not in a vehicle and on the street he would have stopped him and put him in jail for being drunk in public. The officer did not advise him of his right to remain silent at any time during the whole procedure. The officer did not see him driving the automobile.

The Department of Public Safety suspended his driver's license under the Implied Consent Law because he failed and refused to take the test offered thereunder. Thereupon he petitioned the superior court for a judicial review under the Administrative Procedure Act. After a hearing, the court affirmed the decision of the Department of Public Safety, and he appeals. *Held:*

1. While appellant contends he was entitled to the privilege of counsel before deciding whether or not to obey the Implied Consent Law by taking the test, he cites no authority in support of this contention. Compare United States v. Wade, 388 U. S. 218 (87 SC

1926, 18 LE2d 1149). We hold that he did not have the right of counsel at this stage of the proceedings.

2. The requirement that he take a blood test, and the admission thereof in evidence, was not equivalent to requiring the driver to give testimony against himself, in violation of his constitutional rights. See Schmerber v. California, 384 U. S. 757 (86 SC 1826, 16 LE2d 908). This was not a criminal prosecution, but more similar to a habeas corpus proceeding. *Croker v. Smith,* 225 Ga. 529 (1) (169 SE2d 787), holds that the right to counsel has no application to habeas corpus cases. Also see *Goble v. Reese,* 214 Ga. 697 (1) (107 SE2d 175).

3. It has been held that the state has the right to regulate drivers upon its public highways, and to impose conditions upon the use thereof, such as requirement of a driver's license, and as to the laws regarding nonresident motorists. This is a proper exercise of the police power of the state to prescribe regulations for public safety. Hence, the application of the Implied Consent Law does not offend the constitutional provisions respecting due process in any manner.

4. The most serious question in this case is as to the requirement that the automobile driver, who is arrested because it is suspected that he is driving under the influence, be "informed" of his rights under the Implied Consent Law, and that his failure to take the test will subject him to loss of his license. There was evidence to suggest that the driver was so far under the influence of strong drink that the arresting officer would have put him in jail for being drunk in public if he had seen him not in a vehicle. It was while he was in this drunken condition that the officer advised him of his rights under the Implied Consent Law and that his license would be "pulled" for six months if he refused to take the test. The driver was not completely unconscious, as he told the officer that he had been driving. The officer also testified he verbally refused to

take the test and "understood" what the officer was telling him, and "we were communicating well at the time." Under these circumstances, was the driver informed, as required by Code Ann. § 68-1625.1 (c) (Ga. L. 1968, pp. 448, 452)? To be "informed" it is necessary that the driver understand the import and meaning of the police officer's instructions to him. Webster defines "inform" to mean "to communicate knowledge of; to make known." If this court had been the fact-finder in this case, we might have held that he was too far from rational to be informed. But, the police officer at the scene made the decision that the driver understood him, the department so found, and the superior court judge affirmed this finding. Where there is some evidence, even though slight, to authorize this finding, we do not believe it is within the province of this court to interfere. We, therefore, affirm the judgment of the trial court.

*Judgment affirmed. Clark, J., concurs. Hall, P. J., concurs with Divisions 1, 2 and 3 and concurs specially with Division 4.*

ARGUED APRIL 4, 1973 — DECIDED APRIL 13, 1973.

*Thomas Wm. Malone & Associates, Thomas Wm. Malone,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Daniel I. MacIntyre, Assistant Attorneys General,* for appellee.

HALL, Presiding Judge, concurring specially with Division 4 of the majority opinion.

In my opinion the controlling law on this question is as follows; "The rule is . . . well established in this state that the acts or conduct of one voluntarily drunk will be measured by the same rules as those applying to a sober person. *Southland Butane Gas Co. v. Blackwell,* 211 Ga.

665, 667 (88 SE2d 6)." *Lawrence v. Edwards,* 128 Ga. App. 1 (3) (195 SE2d 244).