48413. TRAVELERS INDEMNITY COMPANY et al. v. STATE FARM MUTUAL INSURANCE COMPANY et al.

ARGUED SEPTEMBER 10, 1973 — DECIDED OCTOBER 3, 1973 — REHEARING DENIED OCTOBER 24, 1973.

*Bouhan, Williams & Levy, James M. Thomas,* for appellants.

*Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Jr., William H. Pinson, Jr., Jones, Kemp & Osteen, Rene D. Jones,* for appellees.

DEEN, Judge. ■ The appellant contends that it should have been allowed to present testimony of the then sales manager of King Ford, Inc. to the effect that, in turning the company automobile over to Thomas, he had placed certain restrictions on its use. Such testimony would have had a bearing on whether the vehicle was in fact being used by Dudley at the time of his death within the scope of the permission granted. The judge ruled out the proffered testimony as objectionable under Code Ann. § 38-1603 (3): "Where any suit shall be instituted or defended by a corporation, the opposite party shall not be admitted to testify in his own behalf to transactions or communications solely with a deceased or insane officer or agent of a corporation; . . . nor shall such officer or agent be admitted to testify against an opposite party who is the personal representative of a deceased person, as to transactions or

communications with such deceased person." The conversation as to which testimony is sought was between an agent of Thomas' employer and Thomas. Is Mrs. Thomas the personal representative of Thomas' estate? In *Gunn v. Pettygrew,* 93 Ga. 327 (1) (20 SE 328) it was held: "By the terms 'personal representative' the statute embraces only an administrator, executor, or other person entitled to represent the decedent in the ownership or management of his general estate." While this includes the wife as sole heir of her husband when he dies intestate and debts are paid (Code Ann. § 113-903; *Willis v. Bonner,* 136 Ga. 720 (71 SE 1048)), because the Code in such event declares that no administration is necessary, the full value of the life of the deceased husband is not a part of the assets of the general estate, and the widow must sue, under Code § 105-1302, in her personal capacity, whether or not the estate is being administered. Here the widow is suing in her own right, not as one representing the assets of the estate. Cf. *Drawdy v. Musselwhite,* 27 Ga. App. 84 (4) (107 SE 549). Further Mrs. Thomas and Travelers are not "opposite parties" within the meaning of the statute. It is true that "opposite party" does not necessarily mean the entity on the other side of the *"versus."* *Brooks v. Brooks,* 185 Ga. 549, 555 (195 SE 869). But, as pointed out in *Terry v. Fickett,* 199 Ga. 30, 37 (33 SE2d 163), if both are parties defendant, their interests must be directly opposed to an extent which would make them opposite parties within the meaning of the law. And, as to the Dead Man's Statute: "The settled construction of that Act has been to confine the exceptions to the plain letter of the law." To recapitulate, the plaintiff in the present lawsuit is State Farm Mutual which, if liable at all, is liable as an insurer of the defendant Dudley in Mrs. Thomas' lawsuit. The appellant Travelers, if liable at all, is so by reason of its contract with the owner of the vehicle, under which contract it might be contended that Dudley had become an insured within the meaning of the policy, so that a judgment against him would be collectible from its assets.

John King Ford, Inc., however, is the "opposite party" involved in the statute, whose agent is being offered to testify against the widow of the deceased. It is not a party to either damage suit. Its pecuniary interests are not antagonistic to those of any of the other parties to the litigation. Its rights will not be affected by the result of the case. Even if they could be so affected, Travelers Indemnity Company and State Farm Mutual are neither a corporation whose agent is called on for testimony nor the personal representative of

an estate, for which reason the Dead Man's Statute cannot be invoked by either of them, as to do so would be to extend its purport beyond the statutory exception granted. The trial court erred in refusing the proffered testimony.

■ Ennis Dudley, the driver of the vehicle at the time of Thomas' death, offered testimony as to the purpose and circumstances of the trip on the night in question which was excluded over the objection that it was admissible to show that at the time of the accident Thomas was acting beyond the scope of his employment with John King Ford. *Ditmyer v. American Liberty Ins. Co.,* 117 Ga. App. 512, 517 (160 SE2d 844) held: "Although he may have been in the owner's employment, the issue under the permissive use or omnibus clause is not whether he was acting within the scope of his employment, as it would be if the suit were against the employer under the theory of respondeat superior." The issue is not employment but permission to use. As stated in *Ditmyer,* id., p. 519, there cannot be permission to use which is neither within the scope of employment nor the permission granted. Id., p. 519. Such evidence may become relevant on a retrial of the issues, not because scope of employment would be determinative of whether or not there was insurance, but as bearing on the issue of permissive use.

The trial court erred in excluding the evidence dealt with in the first division of this opinion and in directing a verdict in favor of the plaintiff.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*