## 50453. COGDILL v. DEPARTMENT OF PUBLIC SAFETY.

MARSHALL, Judge.

Appellant was arrested on May 11, 1974, by a Georgia state trooper for driving under the influence of alcohol (Ga. L. 1959, Nov.-Dec. Session, pp. 556, 575; 1968, pp. 448, 449; 1974, pp. 633, 671 (Code Ann. § 68A-902)), and informed that he was required to submit to either a blood or breath test and that his failure to comply would result in the suspension of his driver's license. He refused to submit to a blood test and requested a lawyer. The trooper signed an affidavit of appellant's refusal and appellant was taken home.

On June 7, 1974, appellant was notified by mail that unless he requested a hearing within ten days after the receipt of the notice, his license would be suspended effective June 17. On June 13, appellant's lawyer requested a hearing. The hearing was held on July 3, and resulted in the suspension of appellant's license. He appealed to the Department of Public Safety, which affirmed, and to the Superior Court of Coweta County, which affirmed. The suspension of his license was stayed during these appeals. His appeal to this court enumerates two errors: (1) that the suspension proceeding deprived him of his constitutional rights of due process, and (2) that he was denied his Sixth Amendment right to counsel. *Held:*

1. Appellant contends that the proceedings to suspend his driving privileges under the implied consent law (Ga. L. 1968, pp. 448, 452 (section 47A), repealed in part by Ga. L. 1974, pp. 633, 691, 694, 698 (Code Ann. § 68-1625.1)) were violative of his due process rights under the United States Constitution in that they required suspension of his license *before* a hearing, they placed the burden on the licensee to protect himself by applying for a hearing, and that there was a danger that the suspension notice could be lost in the mail. These contentions are without merit. The statute clearly provides, "No such suspension shall become effective until 10 days *after* the giving of written notice thereof as provided for in subsection (c)." Ga. L. 1968, 448, 553 (section 47A (b))

(Code Ann. § 68-1625.1 (b)). (Emphasis supplied.) Subsection (c) provides: "An application for a hearing made by the affected person within 10 days of receiving notice of the proposed action of the Department of Public Safety shall operate to stay the suspension by the department for a period of 15 days during which time the department must afford a hearing. If the department fails to afford a hearing within 15 days, the suspension shall not take place until such time as the person is granted a hearing and is notified of the department's action as hereinafter provided." It is clear under the statute that procedural due process rights are afforded appellant *before* he is deprived of any rights or privileges. See *Davis v. Pope,* 128 Ga. App. 791 (3) (197 SE2d 861), where we held, "Hence, the application of the Implied Consent Law does not offend the constitutional provisions respecting due process in any manner." Nothing in Bell v. Burson, 402 U. S. 535 (91 SC 1586, 29 LE2d 90) requires a different result.

2. Appellant also contends that he was entitled to the presence of a lawyer, as he requested, at the time he was asked to submit to a chemical test, to advise him whether or not he should comply with the implied consent law. Whether or not the administration of a chemical test, or the appellant's decision not to submit to it, is a "critical stage" to which the Sixth Amendment right to counsel applies (United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149); Powell v. Alabama, 287 U. S. 45 (53 SC 55, 77 LE 158); *Creamer v. State,* 229 Ga. 511, 527 (192 SE2d 350)), this issue has been settled adversely to the appellant in *Davis v. Pope,* supra. We held there that "[The appellant] did not have the right of counsel at this stage of the proceedings." The proceedings to suspend the appellant's driving privileges in these cases are strictly civil or administrative in nature since no criminal consequences result from a finding adverse to the appellant. *Davis v. Pope,* supra. See also, Ferguson v. Gathright, 485 F2d 504, cert. den. 415 U. S. 933 (94 SC 1447, 39 LE2d 491). Nor do we feel that the absence of counsel at this stage offends any notions of fundamental due process afforded the appellant under the Fourteenth Amendment of the United States Constitution. This

holding appears to be in accord with the weight of authority elsewhere in this country. See Heer v. Department of Motor Vehicles, 252 Ore. 455 (450 P2d 533); Blydenburg v. David, 413 SW2d 284 (Mo.); Gottschalk v. Sueppell, 258 Ia. 1173 (140 NW2d 866); Annot. 38 ALR2d 1064, Later Case Service § 7. We find no compelling reason to re-examine these authorities.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

SUBMITTED APRIL 7, 1975 — DECIDED JULY 3, 1975.

*Henry N. Payton,* for appellant.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Michael W. Dyer, Don A. Langham, H. Andrew Owen, Jr., Assistant Attorneys General, Janice J. Christian,* for appellee.