## 56429. COFER v. SUMMERLIN.

DEEN, Presiding Judge.

On December 2, 1977, the Department of Public Safety issued an order advising appellee that his driver's license was suspended for six months, effective December 12, 1977, because he had been arrested on November 17, 1977, and refused to comply with Georgia's implied consent law, Code Ann. § 68B-306. After receiving notice of the revocation of his license, appellee requested a departmental hearing. A hearing was held on January 5, 1978, and a judgment rendered on January 20, 1978, finding that all the provisions of the implied consent law had been met and that appellee's license would be suspended for six months. On February 10, 1978, this decision was affirmed on agency review. Appellee appealed the decision to the Superior Court of DeKalb County and the superior court judge found that the decision of the Board of Public Safety was erroneous because ". . . the implied consent affidavit was never introduced into evidence at the hearing and does not appear in the record." *Held:*

As a condition precedent to suspending a person's driver's license, Code Ann. § 68B-306 (c) requires that the Department of Public Safety receive a sworn report from the arresting officer that he had reasonable grounds to believe that the accused was driving under the influence of drugs or alcohol and that he refused to submit to tests to detect his level of intoxication. Code Ann. § 68B-306 (d) provides that the hearing reviewing the department's decision to suspend a driver's license be conducted in accordance with the Administrative Procedure Act, Code Ann. § 3A-101 et seq. "The rules of evidence as applied to the trial of civil nonjury cases in the superior courts of Georgia shall be followed." Code Ann. § 3A-116. The superior court correctly held that the filing of the arresting officer's affidavit was a condition precedent to suspension of appellee's driver's license and because the affidavit was not introduced in evidence at the hearing, there was no evidence that the affidavit was received by the Department of Public Safety.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 12, 1978 — DECIDED
OCTOBER 25, 1978.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Don A. Langham, First Assistant Attorney General, John C. Walden, Senior Assistant Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellant.