### 56997. DEPARTMENT OF PUBLIC SAFETY v. MAPLES.

SHULMAN, Judge.

Appellee was arrested for the offense of driving under the influence of alcohol. Although he was advised by the officer at the scene of the requirements of the law as to the taking of a test to determine the alcoholic content of his body, appellee refused to take the test. Following a hearing regarding this refusal, the Department of Public Safety suspended appellee's driver's license for a period of six months. Appeal was then taken to the superior court, which reversed the action of the Department of Public Safety. That reversal is the subject of this review.

1. Appellee is not entitled to advice of counsel when confronted with a decision as to whether to submit to a test under the implied consent law. *Cogdill v. Dept. of Public Safety,* 135 Ga. App. 339 (2) (217 SE2d 502); *Davis v. Pope,* 128 Ga. App. 791 (1) (197 SE2d 861).

2. The evidence clearly indicated that the appellee

was informed by the officer of his right to have an additional test. He was advised of the implied consent warning from a blue card which .covered all salient aspects of the requirement. See generally *Gould v. State,* 138 Ga. App. 159 (3) (225 SE2d 916).

3. However, after a diligent review of the record, we find no evidence that the arresting officer's affidavit was ever introduced in evidence at the hearing. This omission was fatal. *Cofer v. Summerlin,* 147 Ga. App. 721 (250 SE2d 174).

*Judgment affirmed. Deen, C. J., and McMurray, J., concur.*

Argued January 8, 1979 — Decided March 13, 1979 — Rehearing denied March 28, 1979.

*Arthur K. Bolton, Attorney General, Russell N. Sewell, Jr., Assistant Attorney General,* for appellant.

*Moulton, Carriere, Cavan & Maloof, J. Wayne Moulton,* for appellee.