## 62564. WOOTEN v. THE STATE.

CARLEY, Judge.

Appellant was indicted as a recidivist in a two-count burglary indictment. The indictment alleged that appellant had three prior convictions for burglary, one in Cobb County and two in Clayton County. Appellant entered his plea of not guilty to the indictment. Subsequently appellant filed a "Motion As To Validity of Indictment," asserting that he had in fact been acquitted rather than convicted of the Cobb County burglary. Apparently appellant's original conviction of the Cobb County burglary had been reversed on appeal, necessitating a new trial at which he was acquitted. See *Wooten v. State,* 125 Ga. App. 635 (188 SE2d 409) (1972). Based upon the fact that he had been acquitted of the Cobb County burglary, appellant moved that the instant indictment be "declared void and that [he] be immediately released." The trial court denied appellant's motion, ruling that "that portion of the indictment had no bearing whatsoever on the initial part of the [trial which concerned only the] guilt or innocence of the defendant. In the event there should be a conviction, the State, by law, would be authorized to introduce any evidence showing that prior conviction. In the event [the state does] not do so, the [appellant] will have no burden whatsoever. In the event [the State] introduce[s] any evidence that tends to show [the Cobb County conviction], then there may be some issue as to that. Until then there may not ever be an issue. [The] motion is in the nature of a demurrer attacking the validity of the indictment and in a demurrer, the Court cannot hear evidence. I'll look at the charge and I'll look at the Code Section. Looking at the Code Section and looking at the charge, [the indictment] alleges a valid charge. If in fact it's not valid, that's a matter of evidence and the motion is denied." Accordingly, appellant was tried on the indictment and found guilty on both counts.

Afterwards, at the sentencing hearing, the trial court gave

consideration to appellant's two prior Clayton County burglary convictions. With regard to the Cobb County "conviction," however, the trial court made the following statement: "[T]here has been no evidence presented by the State to show that [appellant's] conviction was final in that case and to the contrary evidence showed that [he was] acquitted in that case. So the Court [gives] no consideration to the [Cobb County conviction]." Therefore sentence was imposed in the instant case under Code Ann. § 26-1601 (b) as appellant's third conviction of burglary. He appeals.

1. Appellant enumerates as error the failure of the trial court "to quash the faulty indictment as demanded in [appellant's] motion as to the validity of the indictment." A motion to quash an indictment made after the issue has been joined raises only a question of whether the indictment is so defective that a motion in arrest of judgment would lie. *Tate v. State,* 142 Ga. App. 487, 488 (2) (236 SE2d 173) (1977). "A motion in arrest of judgment will lie where the exceptions are to a defect appearing on the face of the indictment . . ., and are to the *substance* of the indictment, and where the defect affects the *real merits* of the offense charged . . . and is such as to render the indictment void. [Cit.]" *Rambo v. State,* 25 Ga. App. 390 (103 SE 494) (1920). In support of his argument that the indictment in the instant case was so defective as to be void and thus to render the denial of his otherwise untimely motion to quash erroneous, appellant cites *Croker v. Smith,* 225 Ga. 529 (169 SE2d 787) (1969). In *Croker* the defendant was indicted as a recidivist, the indictment listing nine other felonies of which he had been convicted. One of those listed convictions was on appeal at the time Croker's indictment was returned and also at the time of his trial and conviction. On appeal from the denial of Croker's petition for habeas corpus, the Supreme Court held: "A conviction which is on appeal is not a conviction within the meaning of Code Ann. § 27-2511. The conviction must be final before it can be included in an indictment . . . Since the indictment under which [Croker] was convicted was *void . . .,* [he] was not lawfully tried." (Emphasis supplied.) *Croker,* 225 Ga. at 532, supra.

We find appellant's reliance upon *Croker* misplaced. The rationale of that case is clearly distinguishable on the applicable law. "All exceptions which go merely to the form of an indictment shall be made before trial; and no motion in arrest of judgment shall be sustained for any matter not affecting the real merits of the offense charged in the indictment." Code Ann. § 27-1601. Under the law in existence at the time *Croker* was decided, the jury imposed the sentence as well as determined the guilt or innocence of the accused. Under that procedure that the accused had been indicted as a

recidivist was a fact which was brought to the attention of the jury *prior* to its determination of the principal issue of the defendant's guilt or innocence of the crime charged in the indictment. See *Landers v. Smith,* 226 Ga. 274 (174 SE2d 427) (1970). Under such a unitary criminal trial procedure, it is clear that a recidivist indictment which contained a "defect" in allegations concerning the accused's "prior convictions" would affect the real *merits* of the separate offense charged in the indictment because the jury's determination of the accused's guilt of the separate offense as well as his sentence therefor could be premised upon an irrelevant and prejudicial "defect" in the substance of the allegata of the indictment concerning recidivism. However, such a prejudicial effect does not result from a defect in allegations of recidivism under currently existing law, pursuant to which procedure appellant was indicted and tried in the instant case. "Under our two-step procedure one must be indicted as a recidivist in order to impose recidivist punishment, but the recidivism of the accused must not be disclosed during the first phase [guilt-innocence] of the trial . . ." *Riggins v. Stynchombe,* 231 Ga. 589, 593 (203 SE2d 208) (1974). Thus under the existing law and in the instant case, any "defect" in the indictment's allegations concerning appellant's recidivism could not have affected the real merits of the separate two counts of burglary charged in the indictment unless the jury was aware of those prejudicial allegations, "defective" or otherwise, prior to its determination of appellant's guilt of those two counts. Cf. *Riggins,* 231 Ga. 589, supra. Compare *Prather v. State,* 247 Ga. 789, 790 (2) (279 SE2d 697) (1981). It is undisputed that the jury was not aware of appellant's recidivism prior to returning its guilty verdict and therefore its determination of his guilt was not predicated upon any allegation whatsoever in the indictment concerning appellant's "prior convictions." After the jury returned its verdict the trial court properly conducted a sentence hearing pursuant to Code Ann. § 27-2503 (a) and imposed a sentence which specifically gave no consideration to appellant's Cobb County "conviction." Likewise therefore, no defect in the allegations of recidivism affected the "real merits" of the sentence appellant received for the offenses charged in the indictment of which he had been found guilty. It follows that any "defect" which would otherwise have "voided" the indictment and the subsequent proceedings pursuant thereto under the holding in *Croker,* has been obviated in the instant case by the circumspect compliance with our two-step felony procedure. Accordingly, we find meritless appellant's argument that the trial court erroneously denied the untimely motion to quash the indictment. Under our existing two-step felony procedure, a recidivism indictment which contains a "defect" in the

allegation of "prior convictions" does not void the indictment, as such a defect, assuming it is not brought to the attention of the jury, no longer affects the real merits of the separate offense otherwise charged in the indictment.

2. Appellant asserts that he was indicted as a recidivist under the general statute, Code Ann. § 27-2511, but that he was in fact erroneously sentenced under the specific recidivist statute for burglary, Code Ann. § 26-1601 (b). We find this argument meritless. The transcript demonstrates that appellant was indicted as a recidivist burglar. After appellant's guilt of the offenses charged in the indictment had been found by the jury, the trial court conducted a sentencing hearing and, finding appellant's instant conviction to be his third, imposed sentence accordingly. The sentence appellant received under Code Ann. § 26-1601 (b) is exactly the same as he would have received under Code Ann. § 27-2511. We find no reversible error in the sentencing phase of appellant's trial.

3. Appellant enumerates as error the denial of his motion for a directed verdict of acquittal as to the second burglary count of the indictment. The first count, which appellant concedes is supported by the evidence, charged a burglary of a dwelling house on December 2, 1980. The second count charged a burglary of the same dwelling house two days later, December 4, 1980. At the time appellant's unauthorized entry of the house was discovered on December 4, 1980, he was in possession of items taken from the house when it had been burglarized on December 2, 1980. We find that appellant's being in possession of property stolen from the premises two days previously was a sufficient "circumstance" from which the jury was authorized to infer that his unauthorized entry of the house on December 4, 1980, was with the intent to steal other valuables therein which had not been taken in his prior burglary of the premises. See generally *Ealey v. State,* 139 Ga App. 604 (229 SE2d 86) (1976). After a review of the entire record we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

Decided December 4, 1981 —
Rehearing denied December 17, 1981.

*Charles M. Gisler, Joseph M. Todd,* for appellant.
*Robert Keller, District Attorney, Michael D. Anderson,*

*Assistant District Attorney,* for appellee.