## 70246. OYLER v. THE STATE.
(333 SE2d 690)

SOGNIER, Judge.

Appellant was convicted of driving a motor vehicle while under the influence of intoxicating liquor and operating a motor vehicle on the wrong side of the road.

1. Appellant contends error in the denial of his motion in limine to prevent the State from introducing evidence of appellant's failure to take a breath alcohol test. He argues that because appellant did

not have an attorney present while the test was to be administered, as requested, appellant's refusal to take the test was inadmissible.

OCGA § 40-6-392 (c) specifically authorizes the admission into evidence of the fact that a defendant refused to permit a chemical analysis to be made of his blood, breath, urine or other bodily substance. "One is not entitled to advice of counsel when confronted with a decision as to whether to submit to a test under the Implied Consent Law." *Hardison v. Chastain*, 151 Ga. App. 678, 679 (261 SE2d 425) (1979). Thus, appellant's argument that it was improper to admit evidence of his failure to take the breath test is without merit. Appellant's enumeration relating to refusal to allow him to talk to an attorney before taking a breath test is also without merit.

2. Appellant's two remaining enumerations of error relate to admission of a videotape of appellant's refusal to take the breath test. Appellant contends the videotape was not admissible because a proper foundation was not laid. Appellant made no objection to the videotape when it was tendered into evidence by the State, and matters not objected to at trial cannot be raised for the first time on appeal. *Scott v. State*, 243 Ga. 233, 234-235 (253 SE2d 698) (1979).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED JULY 12, 1985.

*John E. Sawhill III*, for appellant.

*Stephen F. Lanier, District Attorney, Barry G. Irwin, Deborah Haygood, Assistant District Attorneys*, for appellee.