A89A0440. RAWL v. THE STATE.
(383 SE2d 903)

BENHAM, Judge.

Appellant was convicted of driving under the influence of alcohol. On appeal, he questions the sufficiency of the evidence and other rulings against him. Finding no error, we affirm the judgment.

1. Early in the morning on New Year's Day 1987, appellant was driving his vehicle when he was stopped by a police officer for traveling 68 mph in a 50 mph zone. The officer, a member of the DUI Task Force, testified that appellant had crossed over the centerline twice before he was stopped, and that when appellant exited his vehicle the officer smelled a strong odor of alcoholic beverage on him; that at first appellant refused to take a field sobriety test; and that when he did consent and took the tests, he missed touching his nose with his right hand and was extremely hesitant when he was asked to attempt the same maneuver with his left hand. The officer also testified that he asked appellant to recite the alphabet and appellant hesitated while doing so, and omitted the letters O, S, and T. Appellant then refused to take the alkosensor test. The officer said that by that time it was apparent to him that appellant had had too much to drink. Appellant was placed under arrest for DUI and was read the Georgia Implied Consent Warning (OCGA § 40-5-55). He refused to submit to any chemical test of his breath after being read the warning. Appellant admitted that he had had a drink at dinner, and that after dinner he had attended a New Year's Eve party at which he had consumed champagne at midnight, some two hours before the officer stopped him. The evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of being a less safe driver because of being under the influence of alcohol. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Fredericks v. State*, 176 Ga. App. 40 (1) (335 SE2d 154) (1985).

2. Appellant complains that the field sobriety tests he took violated his federal and state constitutional rights. He argues that the tests were not reliable and were not based on scientific techniques; that they had no safeguards with regard to the results as provided for in OCGA § 40-6-392; and that the introduction of the test results prejudiced the jury against him. We find no error. There is no statu-

tory scheme covering field sobriety tests and other initial screening tests, but lack of such a scheme does not prevent the admission of field sobriety test results into evidence at trial. See *Turrentine v. State,* 176 Ga. App. 145 (1) (335 SE2d 630) (1985); *Fredericks v. State,* supra.

3. We find no merit in appellant's claim that he was not afforded his right to an alternate test under OCGA § 40-6-392. It is undisputed that appellant refused to submit to the State breath test that the officer wanted him to take. "The statutory right to an alternate test by a person of the defendant's own choosing does not attach until the State has performed its test. [Cit.] Since appellant refused to take a test administered by the State he had no right to an alternate test. . . ." *Modlin v. State,* 176 Ga. App. 83 (335 SE2d 312) (1985). Appellant's contention that his refusal to take the State breath test should not have been introduced into evidence also fails, as it is based on his contention that he was denied his right to the alternate test. A defendant's refusal to take a blood alcohol test is relevant and admissible. OCGA § 40-6-392 (c); *Wyatt v. State,* 179 Ga. App. 327 (1) (346 SE2d 387) (1986).

4. Contrary to appellant's assertion there is no right to have counsel present when a person is asked to submit to a chemical test and when he is asked to comply with the implied consent law. *Cogdill v. Dept. of Public Safety,* 135 Ga. App. 339 (2) (217 SE2d 502) (1975).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 21, 1989.

*John J. Ossick, Jr.,* for appellant.
*Richard H. Taylor, Solicitor,* for appellee.