## A01A1651. THE STATE v. BOGER.
### (559 SE2d 176)

MILLER, Judge.

Ryan Bennett Boger was charged with several traffic offenses, including driving under the influence of alcohol to the extent that it was less safe for him to drive. Boger filed various motions in limine, including a motion to exclude any alleged refusal to submit to a chemical test.[1] The trial court granted all but one of Boger's motions.[2] The State appeals, arguing that the court erred in granting the remaining motions in limine. We affirm in part and reverse in part.

In reviewing a motion to suppress, we must construe the evidence most favorably to uphold the findings and judgment of the trial court, and the court's findings as to disputed facts and credibility must be adopted unless clearly erroneous.[3]

1. The trial court concluded that the arresting officer led Boger to believe that he had a right to an attorney prior to being required to submit to the breath test, even though it is well established that there is no right to have counsel present when requested to submit to any test of the breath, blood, or urine.[4] After several failed attempts to get Boger to properly breathe through the alco-sensor, the colloquy between the officer and Boger was as follows:

Officer: Okay. Which part of "blow steady through the tube" do you not understand? Okay? It's real simple, my 3-year-old can do this — my 3-year-old nephew. Take a big —.

---

[1] Boger also filed motions in limine to exclude defendant's alleged incriminatory statements and acts, all evidence gathered as a result of an unlawful seizure, and results of the horizontal gaze nystagmus test and to suppress evidence gathered in violation of defendant's request for counsel.

[2] The court denied Boger's motion to exclude the results of the HGN test.

[3] *Self v. State*, 245 Ga. App. 270, 272-273 (2) (537 SE2d 723) (2000); *State v. Kirbabas*, 232 Ga. App. 474, 478-479 (1) (a) (502 SE2d 314) (1998).

[4] See *Rawl v. State*, 192 Ga. App. 57, 58 (4) (383 SE2d 903) (1989); *Oyler v. State*, 175 Ga. App. 486, 487 (1) (333 SE2d 690) (1985).

Boger: I feel like —.
Officer: — deep —.
Boger: I need to talk to a lawyer.
Officer: Okay; do you want a lawyer?
Boger: Can I have a lawyer?
Officer: Sure; after I arrest you and take you down to the jail
and all that good stuff.
Boger: Okay.
Officer: Okay. Do you want one?
Boger: Let's do it that way.
Officer: Okay; you got one. Turn around.

The officer then placed Boger under arrest and read him his implied consent rights.

Here, the officer's response to Boger's request for an attorney was for the most part a correct statement of law.[5] The officer's explanation informed Boger that he was not entitled to an attorney when the officer repeatedly requested that he breathe into the alco-sensor, but that he could have an attorney once he was arrested and taken to jail. Therefore, Boger's refusal to continue the alco-sensor test could not have been based on a belief that he was entitled to an attorney prior to taking the test. The court erred in excluding evidence of Boger's failure to submit to the alco-sensor test and in granting all motions on this basis.

2. After Boger was arrested and taken to jail, the officer prepared the Intoxilyzer machine and Boger refused to submit to this test without an attorney. At this point, Boger could have believed that he was then entitled to an attorney, as previously explained by the officer: "Sure [you can have a lawyer]; after I arrest you and take you down to the jail and all that good stuff." Thus, the statement, although substantially correct, was misleading in that after Boger was arrested and at the jail, he believed that he was then entitled to counsel prior to complying with the implied consent law and taking the Intoxilyzer test (when no such right existed).[6] For this reason, the court did not err in excluding Boger's refusal to submit to the Intoxilyzer test.[7]

Simply put, any evidence involving the alco-sensor test given at the scene of the stop was improperly suppressed, but evidence as to the Intoxilyzer test provided at the police station should be sup-

---

[5] See *Ross v. State*, 254 Ga. 22, 26 (3) (b), n. 3 (326 SE2d 194) (1985) (the *Miranda* right to counsel attaches if an accused is in police custody and subjected to police interrogation).

[6] See *Rawl*, supra, 192 Ga. App. at 58 (4).

[7] Compare *Beasley v. State*, 204 Ga. App. 214, 215-216 (1) (419 SE2d 92) (1992) (misstatement of law induced consent to urine test).

pressed as Boger, misled by the officer's statement, believed that he was entitled to an attorney prior to submitting to such test.

Therefore, we reverse the court's grant of Boger's motion in limine to exclude defendant's alleged incriminatory statements and acts, all evidence gathered as a result of an unlawful seizure, and to suppress evidence gathered in violation of defendant's request for counsel (with the exception of any evidence as to the Intoxilyzer test). We also reverse the grant of Boger's motion to exclude any alleged refusal to submit to the alco-sensor test, but affirm the exclusion of Boger's failure to submit to the Intoxilyzer test.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 24, 2002.

*Gerald N. Blaney, Jr., Solicitor-General, Stephen A. Fern, Assistant Solicitor-General,* for appellant.

*Chestney-Hawkins Law Firm, Robert W. Chestney,* for appellee.