## S06G0357. RACKOFF v. THE STATE.
### (637 SE2d 706)

THOMPSON, Justice.

We granted a writ of certiorari to the Court of Appeals in *Rackoff v. State*, 275 Ga. App. 737 (621 SE2d 841) (2005), to determine (1) whether a person arrested for driving under the influence is entitled to advice of counsel before deciding if he should submit to a breath test; and (2) whether the inspection certificate of the instrument used to conduct the test was testimonial hearsay, and, therefore, inadmissible. We answer these questions in the negative.

Rackoff was arrested for DUI and the arresting officer explained his implied consent rights. Before he decided whether to take the State-administered breath test, Rackoff asked the officer if he could use a telephone to consult with an attorney. The officer told Rackoff he would not be permitted to contact an attorney until after he was tested and he was "booked." Rackoff took the test and the results indicated an unlawful blood-alcohol level.

Prior to trial, Rackoff moved for discharge and acquittal on the ground that he was denied his constitutional right to a speedy trial. He also moved to exclude the results of the breath test on the ground that he was denied the benefit of counsel and to strike the certificate showing that the instrument used to administer the breath test was in good working order. See OCGA § 40-6-392 (f). The trial court denied

---

Rackoff's motions and the Court of Appeals affirmed. In granting certiorari, we posed these questions:

> 1. Did the Court of Appeals err in concluding that Rackoff was not entitled to the advice of counsel when confronted with a decision as to whether to submit to the breath test, and therefore, that the trial court did not err by refusing to exclude the breath test on the ground that Rackoff was denied his right to an attorney?
> 2. Did the Court of Appeals err in holding that the inspection certificate of the instrument used to conduct the breath test on Rackoff, which was prepared under OCGA § 40-6-392 (f), was not testimonial, and therefore, was not inadmissible under *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004)?

1. Our courts have consistently ruled that an individual is not entitled to the advice of counsel when he is asked to submit to a breath test under the Implied Consent Law. See, e.g., *State v. Boger*, 253 Ga. App. 412 (1) (559 SE2d 176) (2002); *Bowman v. Palmour*, 209 Ga. App. 270, 271 (2) (433 SE2d 380) (1993); *Rawl v. State*, 192 Ga. App. 57, 58 (4) (383 SE2d 903) (1989). The first case to examine the issue was *Davis v. Pope*, 128 Ga. App. 791 (197 SE2d 861) (1973).

In *Davis*, the Department of Public Safety suspended Davis' driver's license because he refused to take a breath or blood test. Davis asserted he was entitled to the benefit of counsel before deciding to take the test. The Court of Appeals disagreed, finding he had no such right at that stage of the proceedings. *Davis* was followed by *Cogdill v. Dept. of Public Safety*, 135 Ga. App. 339 (217 SE2d 502) (1975), and *Hardison v. Chastain*, 151 Ga. App. 678, 679 (261 SE2d 425) (1979).

In *Cogdill*, as in *Davis*, a driver had his license suspended because he refused to take a blood or breath test. On appeal, the driver argued that he was entitled to counsel, as he requested, when he was asked to take the test. In finding that the driver had no such right, the court observed: "The proceedings to suspend the [driver's] driving privileges in these cases are strictly civil or administrative in nature since no criminal consequences result from a finding adverse to the [driver]." *Cogdill*, supra at 340. In *Hardison*, which also involved the suspension of a driver's license, the court reiterated that "[o]ne is not entitled to advice of counsel when confronted with a decision as to whether to submit to a test under the Implied Consent Law." *Hardison*, supra at 679. See also *Dept. of Public Safety v. Maples*, 149 Ga. App. 484 (1) (254 SE2d 724) (1979).

In *Oyler v. State*, 175 Ga. App. 486 (1) (333 SE2d 690) (1985), the court was confronted again with the assertion that a driver was entitled to consult with an attorney before taking a breath test. However, *Oyler* was not concerned with the suspension of a driver's license; it involved a conviction for driving under the influence. Nevertheless, the court simply applied *Hardison*, and held that a driver is not entitled to speak with an attorney before taking a breath test. Id. at 487. Thus, the *Oyler* court did not examine the issue under a criminal law lens.

In subsequent cases, the Court of Appeals cited and applied the holdings reached in *Cogdill*, *Hardison*, and *Oyler*, regardless of whether the cases arose in an administrative or criminal setting. See *State v. Boger*, supra; *Bowman v. Palmour*, supra. In all of these cases, the Court of Appeals reached the correct conclusion: a driver is not entitled to consult with an attorney before taking a breath test. This rule applies to cases involving the suspension of a driver's license. And, for the reasons set forth below, it applies in a criminal context to cases involving driving under the influence.

It is beyond cavil that a prosecution for driving under the influence is a criminal prosecution, OCGA § 40-6-391, which gives rise to the right to counsel under the Sixth Amendment[1] and the Georgia Constitution.[2] But the right to counsel does not attach automatically upon arrest.[3] In fact, the Sixth Amendment right to counsel does not come into play until the criminal process has progressed to a "critical stage" after the initiation of adversary judicial proceedings. *Michigan v. Jackson*, 475 U. S. 625 (106 SC 1404, 89 LE2d 631) (1986); *United States v. Gouveia*, 467 U. S. 180, 187 (104 SC 2292, 81 LE2d 146) (1984); see *O'Kelley v. State*, 278 Ga. 564 (604 SE2d 509) (2004) (an initial appearance hearing is a formal legal proceeding at which right to counsel attaches even though it is not often a critical stage). And Georgia's constitutional right to counsel does not attach unless the proceeding constitutes a "critical stage." *Ballard v. Smith*, 225 Ga. 416, 418 (169 SE2d 329) (1969). A

---

[1] The Sixth Amendment provides, in pertinent part: "In all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defense."

[2] The Constitution of the State of Georgia, Art. I, Sec. I, Par. XIV, provides: "Every person charged with an offense against the laws of this state shall have the privilege and benefit of counsel."

[3] See *State v. Simmons*, 260 Ga. 92 (390 SE2d 43) (1990). We speak here, of course, of the express constitutional right to counsel, not the right against compulsory self-incrimination under the Fifth Amendment and Art. I, Sec. I, Par. XVI of the Constitution of the State of Georgia. The privilege against self-incrimination, which *Miranda* was designed to protect, is not implicated in blood test or breath test cases. *Schmerber v. California*, 384 U. S. 757 (86 SC 1826, 16 LE2d 908) (1966); *Welch v. State*, 254 Ga. 603, 606-607 (331 SE2d 573) (1985) (compelled blood test does not violate Georgia right against self-incrimination).

critical stage in a criminal proceeding is that point at which rights may be lost, defenses waived, privileges claimed or waived, or the outcome of the case can be substantially affected. *Fortson v. State*, 272 Ga. 457, 458 (532 SE2d 102) (2000); *Ballard v. Smith*, supra.

A decision as to whether to take a breath test does not signal the beginning of a formal adversary hearing. *Tennessee v. Frasier*, 914 SW2d 467 (Tenn. 1996) (driver who was arrested without a warrant was not entitled to consult with counsel before deciding whether to submit to breath test because formal adversary proceedings had not been initiated). Even if it did, it cannot be said to be a critical stage of the proceeding. *Forte v. State*, 759 SW2d 128 (Tex. Crim. App. 1988) (a breath test is not a critical stage which implicates right to counsel under Texas Constitution), overruled on other grounds, *McCambridge v. State*, 778 SW2d 70 (Tex. Crim. App. 1989). After all, the officer who administers the test must advise the driver of his implied consent rights pursuant to OCGA § 40-6-392 (a) (4). Thus, when it comes to consulting with a driver, there is very little that a lawyer could add that would substantially affect the fairness of the trial. See *State v. Jones*, 457 A2d 1116, 1119 (Me. 1983). As one court succinctly said, the decision to submit to a breath test "is not essentially a lawyer's decision." (Punctuation omitted.) *Mogard v. City of Laramie*, 32 P3d 313, 324 (Wyo. 2001).

Rackoff was not entitled to consult with a lawyer before deciding whether to submit to a breath test under the Sixth Amendment or the Georgia Constitution. It follows that it was not error to refuse to exclude the results of the breath test.

2. The Court of Appeals was eminently correct in ruling that an inspection certificate prepared under OCGA § 40-6-392 (f) was not testimonial and was admissible. An inspection certificate is a record made and promulgated in the regular course of business. *Brown v. State*, 268 Ga. 76, 81 (485 SE2d 486) (1997). It is not made in an investigatory or adversarial setting; nor is it generated in anticipation of the prosecution of a particular defendant. It follows that an inspection certificate is not testimonial hearsay under *Crawford v. Washington*, supra. See *Bohsancurt v. Eisenberg*, 129 P3d 471 (Ariz. Ct. App. 2006) (maintenance and calibration records of breath-testing machine were not testimonial); *State v. Norman*, 125 P3d 15 (Ore. App. 2005) (certifications of accuracy of Intoxilyzer machine did not violate right of confrontation); *Green v. DeMarco*, 812 NYS2d 772 (N.Y. Misc. 2005) (breathalyzer test records did not violate confrontation clause).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 20, 2006.

*Robert W. Chestney*, for appellant.

*Gerald N. Blaney, Solicitor-General, Gary S. Vey, Jeffrey P. Kwiatkowski, Robby A. King, Rosanna M. Szabo, Lisa M. Moultrie, Assistant Solicitors-General*, for appellee.