## A07A1989. PHILLIPS v. THE STATE.
### (656 SE2d 905)

PHIPPS, Judge.

Mary Kristen Phillips appeals her convictions of driving under the influence of alcohol to the extent that it was less safe for her to drive and failure to maintain lane. She charges the trial court with error in admitting in evidence the results of an Intoxilyzer 5000 breath test and the arresting police officer's incident report. Finding no merit in either claim of error, we affirm.

The evidence showed that a Henry County police officer stopped the car Phillips was driving after observing it weaving out of its lane several times. Upon approaching Phillips, the officer observed that she exuded a strong odor of alcoholic beverage, that her speech was slurred, and that she could not maintain her balance without holding onto her car. After Phillips admitted that she had been drinking but refused to perform field sobriety tests, the officer arrested her for driving under the influence of alcohol to the extent that it was less safe for her to drive. Later, at police headquarters, Phillips agreed to submit to the state's breath test on an Intoxilyzer 5000 machine. But her attempts to blow into the machine produced only one measurable sample, which registered 0.103.

Phillips filed a motion in limine to prohibit the state from laying the foundation for admission of the results of the breath test through admission of the Intoxilyzer 5000's certificate of inspection, on the ground that the certificate constituted inadmissible testimonial hearsay under *Crawford v. Washington*.[1] Phillips also asserted that the person who performed the inspection could not testify, because his name did not appear on the list of witnesses the defense had requested under OCGA § 17-16-21. Finding that the certificate of inspection was nontestimonial in nature and thus admissible in evidence, the trial court denied Phillips' motion, thereby making it unnecessary for the state to present the testimony of the person who had performed the inspection.

Later, during cross-examination of the arresting officer, Phillips' attorney sought to show that the incident report the officer had prepared was incomplete in certain respects and thus inaccurate. On redirect examination, the prosecuting attorney was allowed over objection by Phillips to read to the jury parts of the report that had not been mentioned during cross-examination.

[1] 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004).

1. Although we find no error in the trial court's admission of the breath test results,[2] we note that any error in that regard would be harmless because the jury acquitted Phillips of driving under the influence with an unlawful blood alcohol concentration.[3]

2. Under the rule of completeness, the trial court did not abuse its discretion in allowing the state to read from the incident report to the jury.

As recognized in *Dickerson v. State*,[4] this rule is that

when an admission, conversation or declaration previously made by a party or a witness is pertinent, the side tendering evidence as to the same is at liberty to prove such portion only thereof as is deemed material, and the other side may then bring out the whole of the admission, conversation or declaration, so far as so doing may be essential in order to arrive at the true drift, intent and meaning of what was said on the previous occasion.[5]

Here, the court was authorized to find that it was necessary for the state to admit all relevant parts of the incident report in evidence to show that the omissions noted by Phillips were not so material as to have affected the accuracy of the report.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JANUARY 24, 2008.

*Sexton, Key & Hendrix, Joseph S. Key*, for appellant.
*Charles A. Spahos, Solicitor-General, Tasha M. Mosley, Gilbert A. Crosby, Assistant Solicitors-General*, for appellee.

---

[2] See *Rackoff v. State*, 281 Ga. 306, 309 (2) (637 SE2d 706) (2006) (inspection certificate for breath-testing instrument not testimonial hearsay); *Brown v. State*, 246 Ga. App. 517, 520 (4) (541 SE2d 112) (2000) (OCGA § 17-16-21 requires that criminal defendant be furnished, on demand, with a list of witnesses "on whose testimony the charge against such person is founded"); *Gaston v. State*, 227 Ga. App. 666, 667 (1) (490 SE2d 198) (1997) (under OCGA § 40-6-392 (a) (1) (A) and (f), state may lay required foundation for admission of chemical test results through introduction of certificate of inspection in lieu of testimony of witness).

[3] *Ayers v. City of Atlanta*, 221 Ga. App. 381, 382 (2) (471 SE2d 240) (1996).

[4] 280 Ga. App. 29 (633 SE2d 367) (2006).

[5] Id. at 35 (3) (footnote omitted).